# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TAMIKA DALTON | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-01793 |
| | ) | |
| v. | ) | |
| | ) | |
| SWEET HONEY TEA, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Tamika Dalton("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Sweet Honey Tea, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex-based discrimination against Plaintiff and for subjecting Plaintiff to sexual harassment in violation of Title VII.

2. Moreover, this lawsuit also arises under (775 ILCS5/) Illinois Human Rights Act ("IHRA") for Defendant's sex-based discrimination against Plaintiff and for subjecting Plaintiff to sexual harassment in violation of IHRA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. Count III and IV have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

7. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Tamika Dalton resides in Cook County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Sweet Honey Tea, Inc. is a corporation doing business in and for Cook County whose address is 7601 S. Cicero Avenue Chicago, IL 60652.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

13. For the purposes of establishing the required number of employees, Defendant operates multiple Sweet Honey Tea locations, which in total has more than 15 employees.

## BACKGROUND FACTS

14. Plaintiff was hired at Sweet Honey Tea, as a Cashier on or about August 1, 2022.

15. Plaintiff was subjected to sex discrimination and sexual harassment to the point that Plaintiff reported it to the Owner, Darrell Deshazer multiple times.

16. Owner Darrell not only ignored Plaintiff's complaints of sexual harassment, but due to the Owner's failure to investigate or take remedial measures Plaintiff was constructively discharged.

17. Shortly after Plaintiff began to work for Sweet Honey Tea, Plaintiff noticed there was another employee, Eric (last name unknown) whom Owner, Darrell Deshazer, allowed to help out in exchange for food and money.

18. Eric began to sexually harass Plaintiff from the moment we first met.

19. Eric followed Plaintiff around everywhere she went, and would look Plaintiff up and down and say, "Let me take you out", "Your ass is so fat", "Let me take you out drinking".

20. These sexual advances by Eric made Plaintiff extremely uncomfortable and unsafe at work.

21. On or about September 7, 2022, Plaintiff reported the unwanted sexual harassment by Eric, and how unsafe Eric made Plaintiff feel at work, especially when Plaintiff was left alone with Eric at the store.

22. Again, Owner Darrell did not investigate or take any remedial measures to stop Plaintiff from being subjected to sexual harassment.

23. Due to Owner Darrell failure to act, the sexual harassment continued and became more severe.

24. On or about October 1, 2022, Eric came into work intoxicated, and began sexually harassing Plaintiff by making sexual advances towards Plaintiff and making sexual comments to Plaintiff.

25. Eric walked up to Plaintiff and got close to Plaintiff's face and said, "Your pussy is so fat", and then he tried to touch Plaintiff's body.

26. Plaintiff immediately told Owner Darrell.

27. Plaintiff conveyed to him that Eric refuses to leave her alone, and Plaintiff seriously feared for her safety.

28. Darrell sent Eric home because he was drunk but failed to address that he was sexual harassing me.

29. Later that night Eric came back up to the store at about 1:00 A.M. when Plaintiff was closing.

30. Eric was violently banging on the door and shouting at Plaintiff to let him in.

31. Plaintiff was terrified and called security.

32. Once Security arrived, Plaintiff asked that they walk her to her car because she did not feel safe.

33. Owner Darrell allowed Eric back to work and Plaintiff in fear of her safety had the option to be subject to sexual harassment and sexual assault or be constructively discharged because the Owner failed to take any remedial measures to ensure my safety and a workplace free

from sexual harassment.

34. Therefore, due to Owner Darrell failure to act, the conditions at the job became some intolerable that Plaintiff was constructively discharged.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

36. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

37. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

38. Defendant claims that Plaintiff is an independent contractor, however the economic reality test will show that Plaintiff is an employee.

39. Defendant's misclassification of employees as independent contractor is unlawful.

40. Plaintiff does a specific job which is an integral part of the business of Defendants.

41. Plaintiff was required to sign an agreement with Defendants, which resembled responsibilities and requirements to be an employee of the company.

42. In the performance of their work for Defendants, Plaintiff did not exercise the skill and initiative of persons in business for themselves.

43. Plaintiff did not exercise managerial skill that affects the Plaintiff's economic success or failure in performing the work.

44. Plaintiff were not required to have any specialized or unusual skills to work for Defendants other than what was required of the particular position as a computer technician.

45. No prior similar work experience was required and Plaintiff were not required to

attain a certain level of skill in order to perform such work.

46. Plaintiff did not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of an independent contractor. Plaintiff owned no enterprise and exercised no business management skills in performing work for Defendants.

47. Plaintiff maintained no separate business structures or facilities in performing work for Defendants.

48. Plaintiff exercised no control over customer volume and did not actively participate in any effort to increase the Defendants' client base, enhance goodwill, or establish contracting possibilities.

49. Plaintiff were not permitted to hire or subcontract other qualified individuals to conduct work in Defendants' business.

50. Plaintiff had no investments when compared to the investment made by Defendants.

51. Plaintiff made no capital investment in Defendants' business. All investment and risk capital was provided by Defendants.

52. Plaintiff had no control over the key determinants of profit and loss of a successful enterprise. Specifically, Plaintiff were not responsible for any aspect of the enterprise's on-going business risk.

53. Plaintiff, and those similarly situated to them, were essential to Defendants' business operations.

54. Plaintiff' duties were integral to Defendants' ability to provide service to their customers.

55. During their employment by Defendants, Plaintiff were economically dependent

on Defendants.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sexual Harassment)

56. Plaintiff repeats and re-alleges paragraphs 1-55 as if fully stated herein.

57. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

58. Defendant knew or should have known of the harassment.

59. The sexual harassment was severe or pervasive.

60. The sexual harassment was offensive subjectively and objectively.

61. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

62. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination – Constructive Discharged)

64. Plaintiff repeats and re-alleges paragraphs 1-55 as if fully stated herein.

65. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

66. Due to Defendant's treating Plaintiff less favorably than similarly situated employees outside her protected class, and Defendant's effectively creating intolerable conditions of work due to the sexual harassment, Plaintiff was constructively discharged.

67. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

68. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violations of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA")**
**(Sex-Based Discrimination – Constructive Discharged)**

70. Plaintiff repeats and re-alleges paragraphs 1-55 as if fully stated herein.

71. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Illinois Human Rights Act (775 ILCS5/).

72. Due to Defendant's treating Plaintiff less favorably than similarly situated employees outside her protected class, and Defendant's effectively creating intolerable conditions of work due to the sexual harassment, Plaintiff was constructively discharged.

73. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

74. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of Illinois Human Rights Act (775 ILCS5/).

## COUNT IV
### Violation of the Illinois Human Rights Act, 775 ILCS5/
### (Sexual Harassment)

75. Plaintiff repeats and re-alleges paragraphs 1-55 as if fully stated herein.

76. Plaintiff is a member of a protected class under 775 ILCS5/, Illinois Human Rights Act, due to her sex, female.

77. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of the Illinois Human Rights Act, 775 ILCS5/.

78. Defendant knew or should have known of the harassment.

79. The sexual harassment was sever or pervasive.

80. The sexual harassment was offensive subjectively and objectively.

81. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

82. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

  e. Pre-judgment and post-judgment interest;

  f. Injunctive relief;

  g. Liquidated damages;

  h. Punitive damages;

  i. Reasonable attorney's fees and costs; and

  j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 22nd day of March, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*