UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMIKA DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-01793 |
| | ) | |
| v. | ) | Judge: Nancy Lee |
| | ) | Maldonado |
| SWEET HONEY TEA, INC., | ) | |
| | ) | |
| -AND- | ) | |
| | ) | |
| DARRELL DESHAZER (Individual), | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Tamika Dalton ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1) against Sweet Honey Tea, Inc. ("Defendant") and Darrell DeShazer ("DeShazer"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex-based discrimination against Plaintiff and for subjecting Plaintiff to sexual harassment in violation of Title VII.

2. This lawsuit also arises under (775 ILCS5/) Illinois Human Rights Act ("IHRA") for Defendant's sex-based discrimination against Plaintiff and for subjecting Plaintiff to sexual harassment in violation of IHRA.

3. Moreover, this lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") for Defendant's and DeShazer's misclassification of Plaintiff as an independent contractor and failure to pay minimum wage to Plaintiff and all other similarly

situated persons.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. and the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. Count III and IV have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. *§2000e-5*, have occurred or been complied with.

8. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Tamika Dalton resides in Cook County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant Sweet Honey Tea, Inc. is a corporation doing business in and for Cook County whose address is 7601 S. Cicero Avenue Chicago, IL 60652.

12. Defendant, Darrell DeShazer, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) who owned and operated Defendant Sweet Honey Tea, Inc. at the above address.

13. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

14. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d).

15. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

16. For the purposes of establishing the required number of employees, Defendant operates multiple Sweet Honey Tea locations, which in total has more than 15 employees.

17. Defendants was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

18. Defendant, Sweet Honey Tea, Inc. is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

19. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

## BACKGROUND FACTS

20. Plaintiff was hired at Sweet Honey Tea, as a Cashier on or about August 1, 2022.

21. Plaintiff's job duties include, but are not limited to, the following:

   (a) Taking customers' orders;
   (b) Handling money and operating the cash register;
   (c) Pouring flavored tea into bottles; and
   (d) Displaying and marketing tea to customers.

22. Plaintiff performed a specific job which is an integral party of the business of the Defendants.

23. Defendants employ several individuals who performed the same primary job tasks to the ones assigned to Plaintiff.

24. Defendants uniformly misclassify Plaintiff and other cashiers as "independent contractors."

25. Plaintiff and other cashiers typically work established hours and schedules set and controlled by Defendants.

26. Defendants have similarly treated Plaintiff and other cashiers as employees by virtue of the foregoing:

   (e) The cashiers have been economically dependent on Defendants;

   (f) Defendants have schedule the cashiers to work set schedules which constitute longer hours than that of an independent contractors, thereby precluding the cashiers from earning substantial income from other sources or engaging in substantial independent business activities;

   (g) The cashiers do not exercise managerial skill which affects their opportunity for profit or loss;

   (h) The cashiers do not hold meaningful opportunity for profit or loss as part of their

duties performed for Defendants;

(i) The cashiers have been compensated through a "piece rate" pay plan, such that the cashiers have no opportunity to increase earnings based on entrepreneurial or business skills;

(j) The cashiers do not hire helpers or subordinates to assist them with providing Defendants' services to Defendants' customers;

(k) The cashiers do not solicit additional work for themselves from Defendants' customers or others;

(l) All parts and equipment used to perform job tasks by the cashiers are own and provided by Defendants;

(m) Defendants' maintain the ability to exercise meaningful control, and do exercise meaningful control, over the cashiers, including, but not limited to:

  i. Defendants limit the cashiers' access to its premises;

  ii. Defendants limit the cashiers' access to its customers;

  iii. Defendants assign work schedules;

  iv. Defendants assign the cashiers to particular tasks;

  v. Defendants require the cashiers to report to work and leave work by specified times;

  vi. Defendants have monitored and supervised the work of the cashiers;

  vii. Defendants have warned the cashiers of discipline based on their performance and/or conduct, including, but not limited to, refusing to perform specified tasks; and

  viii. Defendants require the cashiers to wear a specific uniform when working.

5

27. Plaintiff, as a cashier, was a non-exempt employee under the FLSA employed by Defendants.

28. As a result of Defendants' willful misclassification of Plaintiff by virtue of the foregoing, Defendants have failed to pay Plaintiff and all others similarly situated minimum wage as required under the FLSA.

29.

30. Plaintiff was subjected to sex discrimination and sexual harassment to the point that Plaintiff reported it to the Owner, Darrell DeShazer, multiple times.

31. Owner Darrell not only ignored Plaintiff's complaints of sexual harassment, but due to the Owner's failure to investigate or take remedial measures Plaintiff was constructively discharged.

32. Shortly after Plaintiff began to work for Sweet Honey Tea, Plaintiff noticed there was another employee, Eric (last name unknown) whom Owner, Darrell DeShazer, allowed to help out in exchange for food and money.

33. Eric began to sexually harass Plaintiff from the moment they first met.

34. Eric followed Plaintiff around everywhere she went, and would look Plaintiff up and down and say, "Let me take you out", "Your ass is so fat", "Let me take you out drinking".

35. These sexual advances by Eric made Plaintiff extremely uncomfortable and unsafe at work.

36. On or about September 7, 2022, Plaintiff reported the unwanted sexual harassment by Eric, and how unsafe Eric made Plaintiff feel at work, especially when Plaintiff was left alone with Eric at the store.

37. Again, Owner Darrell did not investigate or take any remedial measures to stop

6

Plaintiff from being subjected to sexual harassment.

38. Due to Owner Darrell's failure to act, the sexual harassment continued and became more severe.

39. On or about October 1, 2022, Eric came into work intoxicated, and began sexually harassing Plaintiff by making sexual advances towards Plaintiff and making sexual comments to Plaintiff.

40. Eric walked up to Plaintiff and got close to Plaintiff's face and said, "Your pussy is so fat", and then he tried to touch Plaintiff's body.

41. Plaintiff immediately told Owner Darrell.

42. Plaintiff conveyed to him that Eric refuses to leave her alone, and Plaintiff seriously feared for her safety.

43. Darrell sent Eric home because he was drunk but failed to address that he was sexual harassing me.

44. Later that night Eric came back up to the store at about 1:00 A.M. when Plaintiff was closing.

45. Eric was violently banging on the door and shouting at Plaintiff to let him in.

46. Plaintiff was terrified and called security.

47. Once Security arrived, Plaintiff asked that they walk her to her car because she did not feel safe.

48. Owner Darrell allowed Eric back to work and Plaintiff in fear of her safety had the option to be subject to sexual harassment and sexual assault or be constructively discharged because the Owner failed to take any remedial measures to ensure my safety and a workplace free from sexual harassment.

49. Therefore, due to Owner Darrell failure to act, the conditions at the job became some intolerable that Plaintiff was constructively discharged.

50. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

51. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

52. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

53. Defendant claims that Plaintiff is an independent contractor, however the economic reality test will show that Plaintiff is an employee.

54. Defendant's misclassification of employees as independent contractor is unlawful.

## 206(a) COLLECTION AND CLASS ACTION ALLEGATIONS

55. Plaintiff asserts her Counts V and VI under the FLSA, pursuant to 29 §206(a) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants.

56. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

**206(a) Class: All current and former non-exempt non-salaried employees of Sweet Tea Honey, Inc. and Darrell DeShazer who were not compensated at least minimum wages for all hours.**

57. All potential 206(a) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wage for all hours worked.

8

## COUNT I
## Violation of Title VII of the Civil Rights Act of 1964
## (Sexual Harassment)

58. Plaintiff repeats and re-alleges paragraphs 1- 54 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. Defendants knew or should have known of the harassment.

61. The sexual harassment was severe or pervasive.

62. The sexual harassment was offensive subjectively and objectively.

63. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

64. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
## Violation of Title VII of the Civil Rights Act of 1964
## (Sex-Based Discrimination – Constructive Discharged)

66. Plaintiff repeats and re-alleges paragraphs 1- 54 as if fully stated herein.

67. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

68. Due to Defendants' treating Plaintiff less favorably than similarly situated

9

employees outside her protected class, and Defendant's effectively creating intolerable conditions of work due to the sexual harassment, Plaintiff was constructively discharged.

69. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

70. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
### Violations of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA")
### (Sex-Based Discrimination – Constructive Discharge)

72. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Illinois Human Rights Act (775 ILCS5/).

74. Due to Defendants treating Plaintiff less favorably than similarly situated employees outside her protected class, and Defendant's effectively creating intolerable conditions of work due to the sexual harassment, Plaintiff was constructively discharged.

75. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

76. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of Illinois Human Rights Act (775 ILCS5/).

## COUNT IV
**Violation of the Illinois Human Rights Act,( 775 ILCS 5/)**
**(Sexual Harassment)**

77. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

78. Plaintiff is a member of a protected class under (775 ILCS 5/), Illinois Human Rights Act, due to her sex, female.

79. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of the Illinois Human Rights Act, (775 ILCS 5/).

80. Defendants knew or should have known of the harassment.

81. The sexual harassment was sever or pervasive.

82. The sexual harassment was offensive subjectively and objectively.

83. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

84. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliations and loss of enjoyment of life.

## COUNT V
**Violation of the Fair Labor Standards Act**
**Independent Contractor Misclassification**
**(Plaintiff on her own behalf and on behalf of all similarly-situated individuals)**

85. Plaintiff hereby repeats and incorporates paragraphs 1-54 as if set forth fully herein.

86. At all times material herein, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

87. The FLSA regulates, among other things, the classification of exempt and non-exempt employees under the Act.

88. During all times relevant to this action, Defendant and Deshazer have been Plaintiff's and other similarly situated employees' "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

89. During all times relevant to this action, Plaintiff and other similarly situated individuals have been Defendants' and DeShazer's "employees" within the meaning of the FLSA, 29 U.S.C. §203(e).

90. Section 13 of the FLSA identifies certain categories of exempted employees from protections provided under the Act. 29 U.S.C. §213. Despite Defendants' and DeShazer's misclassification of Plaintiff and other similarly situated individuals, none of the FLSA's exemptions apply to Plaintiff and other similarly situated individuals.

91. Plaintiff and other similarly situated employees are victims of a uniform misclassification policy instituted by Defendants' and DeShazer's in order to avoid affords its employees the protections and benefits they are entitled to under the FLSA.

92. Defendants' and DeShazer's have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated individuals are entitled to recover damages.

93. Pursuant to the FLSA, Plaintiff and other similarly situated employees of Defendants have suffered and continued to suffer damages.

**COUNT VI**
**Violation of the Fair Labor Standards Act**
**Failure to Pay Minimum Wages**
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

78. Plaintiff hereby repeats and incorporates paragraphs 1-54 as if set forth fully herein.

79. This count arises from Defendants' and DeShazer's violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for their failure to pay minimum wages to Plaintiff and all other similarly situated employees for all time worked.

80. During the course of her employment by Defendants' and DeShazer's, Plaintiff and all other similarly situated employees were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

81. Plaintiff and all other similarly situated employees were directed by Defendants' and DeShazer's to work, and did work, and was not paid for all hours work.

82. Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff and all other similarly situated employees worked they were entitled to be compensated at a rate 100% of their regular rate of pay.

83. Defendants' and DeShazer's did not compensate Plaintiff and all other similarly situated employees at a rate of 100% of their regular rate of pay for all hours worked in individual workweeks.

84. Defendants' failure and refusal to pay minimum wages for all hours worked was a violation of the FLSA, 29 U.S.C. §206.

85. Defendants willfully violated the FLSA by refusing to pay Plaintiff and other similarly situated employees minimum wage pay for all times worked.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Pre-judgment and post-judgment interest;

      f.      Injunctive relief;

      g.      Liquidated damages;

      h.      Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 10th day of July, 2023.

*/s/Nathan C. Volheim, Esq.*
Nathan C. Volheim, Esq.
Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(331) 307-7632
ceisenback@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

14