**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMIKA DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-01793 |
| v. | ) | |
| | ) | |
| SWEET HONEY TEA, INC., and | ) | |
| DARRELL DESHAZER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................5

ARGUMENT.......................................................................................................................5

I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY  BECAUSE THIS COURT DOES NOT HAVE JURISDICTION. ...................................................................6

    A.  This Court Lacks Jurisdiction Over Plaintiff's Title VII Claims Because, During The Applicable Limitations Period, Defendants Only Had Five Employees And Therefore, Is Not Covered By Title VII ...........................................................................................................7

    B.  This Court Lacks Jurisdiction Over Plaintiff's Title VII Claims Because Plaintiff Was An Independent Contractor And Therefore, Not A Protected Employee Under Title VII................8

    C.  This Court Lacks Jurisdiction Over Plaintiff's FLSA Claims Because Plaintiff Was An Independent Contractor And The Act Does Not Apply To Independent Contractors...............12

    D.  This Court Lacks Jurisdiction Over Plaintiff's FLSA Claims Because Sweet Honey Tea Is Not Covered By FLSA ............................................................................................................14

        1.  Sweet Honey Tea is not subject to enterprise coverage under FLSA...................14

        2.  Plaintiff's job is not subject to individual coverage under FLSA. .......................16

            i.  *Plaintiff was not engaged in the production of goods for commerce*........................16

            ii.  *Plaintiff was not engaged in commerce.* ....................................................................17

    E.  This Court Should Decline To Exercise Pendent And Supplemental Jurisdiction Over Plaintiff's IHRA Claims Because It Does Not Have Jurisdiction Over Plaintiff's Title VII And FLSA Claims. ...............................................................................................................................18

II.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY  BECAUSE ALL COUNTS (I, II,  III, IV, V, AND VI) FAIL TO STATE CLAIMS  ON WHICH RELIEF CAN BE GRANTED. .......................................................................................................................19

    A.  Plaintiff's Sexual Harassment Claims (Count I And IV) Must Be Dismissed Because Plaintiff Failed To State A Claim Upon Which Relief Can Be Granted. ..................................................20

        1.  Plaintiff's alleged sexual harassment was not sufficiently severe or pervasive to create a hostile work environment...................................................................................21

        2.  There is no basis to impute liability to Defendants under Title VII. ...................23

    B.  Plaintiff's Sexual Discrimination Constructive Discharge Claims (Count II And III) Must Be Dismissed Because Plaintiff Failed To State Claims Upon Which Relief Can Be Granted.......24

        1.  Plaintiff has not pled facts sufficient to show she experienced an adverse employment action and was constructively discharged................................................................25

        2.  Plaintiff has not pled facts sufficient to show similarly situated individuals were treated more favorably..........................................................................................................26

    C.  Plaintiff's Independent Contractor Misclassification Claim (Count V) Must Be Dismissed Because Plaintiff Failed To State A Claim Upon Which Relief Can Be Granted.....................27

    D.  Plaintiff's Failure To Pay Minimum Wages Claim (Count VI) Must Be Dismissed Because Plaintiff Failed To State A Claim Upon Which Relief Can Be Granted. ...................................27

CONCLUSION ................................................................................................................29

## TABLE OF CASES

*Adusumilli v. City of Chicago*, 164 F.3d 353 (7th Cir. 1998)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bartels v. Birmingham,* 332 U.S. 126 (1947)

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)

*Chapin v. Fort–Rohr Motors, Inc.*, 621 F.3d 673 (7th Cir. 2010)

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997)

*Cooper–Schut v. Visteon Automotive Sys.,* 361 F.3d 421 (7th Cir. 2004)

*Donovan v. Brandel,* 736 F.2d 1114 (6th Cir. 1984)

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)

*Gawley v. Indiana Univ.*, 276 F.3d 301 (7th Cir. 2001)

*Groce v. Eli Lilly & Co.*, 193 F.3d 496 (7th Cir.1999)

*Harris v. Forklift Sys., Inc.,* 510 U.S. 17 (1993)

*Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 460 (7th Cir. 2002)

*Hostetler v. Quality Dining, Inc.*, 218 F.3d 798 (7th Cir. 2000)

*Joles v. Johnson County Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169 (S.D. Ind. 1995).

*Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705 (7th Cir. 1995)

*Kontos v. U.S. Dep't Labor*, 826 F.2d 573 (7th Cir. 1987)

*Langenbach* v. *Wal-Mart Stores, Inc.,* 761 F.3d 792 (7th Cir. 2014)

*Marshall v. Whitehead*, 463 F. Supp. 1329 (M.D. Fla. 1978)

*Mazzei v. Rock-N-Around Trucking, Inc.*, 246 F.3d 956 (7th Cir. 2001)

*McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011)

*McCready v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006)

*McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 477 (7th Cir. 1996)

*McLeod v. Threlkeld, et al.*, 319 U.S. 491 (1943)

*Mitchell v. Lublin McGaughey & Assoc.*, 358 U.S. 107 (1959)

*Ost v. West Suburban Travelers Limousine*, 88 F.3d 435 (7th Cir. 1996)

*Otero v. City of Chi.,* No. 10-CV-2284, 2013 WL 530977 (N.D. Ill. Feb. 6, 2013)

*Perkins v. Silverstein*, 939 F.2d 463 (7th Cir. 1991)

*Porter v. Erie Foods Int'l, Inc.,* 576 F.3d 629 (7th Cir. 2009)

*Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976 (7th Cir. 2000)

*Rivera v. Heights Landscaping, Inc.*, No. 03 C 6428, 2004 WL 434214 (N.D.Ill. 2004)

*Rutherford Food Corp. v. McComb,* 331 U.S. 722 (1947)

*Satyal v. Shah*, 756 F. Supp. 937 (E.D. Va. 1991)

*Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526 (7th Cir. 1993)

*Secretary of Labor v. Lauritzen*, 835 F.2d 1529 (7th Cir. 1987)

*Sharp Electronics Corp. v. Metropolitan Life Ins. Co.,* 578 F.3d 50 (7th Cir. 2009)

*Taylor v. W. & S. Life Ins. Co.,* 966 F.2d 1188 (7th Cir. 1992)

*Thompson v. Mem'l Hosp. of Carbondale*, 625 F.3d 394 (7th Cir. 2010)

*Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290 (1985)

*Traylor v. Brown*, 295 F.3d 783 (7th Cir. 2002)

*Turner v. The Saloon, Ltd.*, 595 F.3d 679 (7th Cir. 2010)

*United States v. Silk*, 331 U.S. 704 (1947)

*United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208 (7th Cir. 1996)

*Usery v. Pilgrim Equipment Co.,* 527 F.2d 1308 (5th Cir. 1976)

*Vega v. Chi. Park Dist.,* 958 F.Supp.2d 943(N.D. Ill. 2013)

*Weiler v. Household Fin. Corp.,* 101 F.3d 519 (7th Cir. 1996)

*Weiss v. Coca-Cola Bottling Co. of Chicago*, 990 F.2d 333 (7th Cir. 1993)

*Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021 (7th Cir. 2004)

*Worth v. Tyer*, 276 F.3d 249 (7th Cir. 2001)

*Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244 (7th Cir. 1994)

NOW COME the Defendants, SWEET HONEY TEA, INC. ("Sweet Honey") and DARRELL DESHAZER ("DeShazer"), by and through their attorneys, OTUBUSIN & OTUBUSIN, for their Joint Memorandum in Support of their Motion to Dismiss Plaintiff Tamika Dalton's ("Dalton") First Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), state as follows:

## INTRODUCTION

Plaintiff is a former independent contractor hired by Defendants. Plaintiff brings this lawsuit arguing that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII" or "the Act") by harassing her on the basis of her sex (Count I). Plaintiff also contends that Defendants violated Title VII by discriminating against her based on her sex resulting in her being constructively discharged (Count II). Plaintiff additionally alleges that Defendant violated the Illinois Human Rights Act ("IHRA" or "the Act") by discriminating against her based on her sex resulting in her being constructively discharged (Count III). Plaintiff also asserts that Defendant violated IHRA by harassing her on the basis of her sex (Count IV). Plaintiff further argues Defendant violated the Fair Labor Standards Act ("FLSA" or "the Act") by misclassifying her as an independent contractor (Count V). Plaintiff finally contends Defendants violated FLSA by failing to pay her minimum wages (Count VI).

## ARGUMENT

Plaintiff's Complaint should be dismissed in its entirety because this Court lacks jurisdiction over Plaintiff's Title VII and FLSA claims and should decline to excise supplemental jurisdiction over Plaintiff's IHRA claims. Assuming, *arguendo*, jurisdiction is proper, the Complaint fails to state actionable claims as a matter of law. Plaintiff's Title VII sexual harassment claim (Count I), Title VII sexual discrimination constructive discharge claim (Count II), IHRA

sexual discrimination constructive discharge claim (Count III), IHRA sexual harassment claim (Count IV), FLSA independent contractor misclassification claim (Count V), and FLSA failure to pay minimum wages claim (Count VI) all fail to state claims upon which relief can be granted.

## I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE THIS COURT DOES NOT HAVE JURISDICTION.

This court generally has jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*, and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. However, in this case, the court does not have jurisdiction since Title VII does not apply because: (1) Sweet Honey Tea is not an "employer" under the Act, and (2) Plaintiff is not an "employee" under the Act. Additionally, FLSA does not apply because: (1) Plaintiff is not covered under the Act and (2) Sweet Honey Tea is not subject to the Act. Accordingly, pursuant to 28 U.S.C. § 1367(c), this court should decline to exercise supplemental jurisdiction over Plaintiff's remaining IHRA claims.

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Weiler v. Household Fin. Corp.,* 101 F.3d 519, 524 n.1 (7th Cir. 1996). While legal conclusions can provide the framework of a complaint, the legal conclusions must be supported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.") Pleading that offers labels and conclusions or formulaic recitation of elements of cause of action will not do, nor does complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.*

Rule 12(b)(1) requires dismissal of claims where a federal court lacks subject matter jurisdiction. In reviewing a Rule 12(b)(1) motion, the court may look beyond the complaint to

other evidence submitted by the parties to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

A.   This Court Lacks Jurisdiction Over Plaintiff's Title VII Claims Because, During The Applicable Limitations Period, Defendants Only Had Five Employees And Therefore, Is Not Covered By Title VII.

Plaintiff's Complaint allege violations of Title VII. However, Title VII only applies to "employers" meaning "a person engaged in an industry affecting commerce ***who has fifteen or more employees for <u>each</u> working day*** in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person ..." 42 U.S.C. § 2000e(b) (emphasis added).

Plaintiff Complaint states "**For the purposes of establishing the required number of employees**, Defendant operates multiple Sweet Honey Tea locations, which in total has more than 15 employees." (Dkt. No. 17 at ¶16) (emphasis added). DeShazer currently, and during the applicable limitations period, operate one Sweet Honey Tea location in the Ford City Mall at 7601 South Cicero Avenue, Chicago, Illinois 60652. (Exh. A, DeShazer Aff. at ¶2). DeShazer has never operated any other Sweet Honey Tea locations except for this one in Ford City Mall. (Exh. A, DeShazer Aff. at ¶3).

Additionally, at all times relevant to the allegations of Plaintiff's Complaint, Defendants had five (5) employees. (Exh. A, DeShazer Aff. at ¶10). As of today, Defendants have four (4) employees. (Exh. A, DeShazer Aff. at ¶11). At all times relevant to the allegations of the Complaint, Defendants had two (2) independent contractors. (Exh. A, DeShazer Aff. at ¶12). As of today, Defendants have one (1) independent contractor. (Exh. A, DeShazer Aff. at ¶13).

Accordingly, Plaintiff's Complaint should be dismissed in its entirety because Defendants have fewer than the statutory requirement of 15 or more employees *for each working day* and thus, not covered by Title VII resulting in this court lacking jurisdiction. 42 U.S.C. § 2000e(b). Plaintiff cannot "for the purposes of establishing the required number of employees" allege that Defendants operate multiple Sweet Honey Tea locations in order to meet the jurisdictional requirement when that is categorically false.

B.   This Court Lacks Jurisdiction Over Plaintiff's Title VII Claims Because Plaintiff Was An Independent Contractor And Therefore, Not A Protected Employee Under Title VII.

It is a well-recognized that Title VII prohibits employment discrimination based on race, color, religion, sex or national origin. But in order to state a claim, Plaintiff must be an *employee* within the meaning of Title VII. Independent contractors are not protected by Title VII. *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001). Plaintiff was hired by Defendants as an independent contractor. (Exh. A, DeShazer Aff. at ¶15). Plaintiff was not an employee. (Exh. A, DeShazer Aff. at ¶16).

In determining whether an individual is an independent contractor or an employee, courts consider five factors: (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations. *Worth*, 276 F.3d at 263.

The first factor, the extent of DeShazer's control and supervision over Plaintiff, does not support classifying Plaintiff as an employee. Defendant exerted very little control over Plaintiff. DeShazer did not set Plaintiff's work schedule. (Exh. A, DeShazer Aff. at ¶20). Plaintiff

maintained substantial flexibility in creating her own schedule, which suggests a significant degree of independence and a lack of control by DeShazer. While DeShazer did tell independent contractors, such as Plaintiff, to pour flavored tea into plain bottles, this amounts to little more than the basic level of supervision required to ensure Sweet Honey Tea was running properly. DeShazer did not control how Plaintiff did her job and Plaintiff was given the freedom to decide how to accomplish her work-related tasks. All these aspects of Plaintiff's employment support the status of her being an independent contractor.

The second factor, skill required and whether Plaintiff's skill was obtained in the workplace, does not support classifying Plaintiff as an employee. Plaintiff was hired to pour flavored tea into plain bottles. (Exh. A, DeShazer Aff. at ¶19). Plaintiff's job duties required unspecialized, basic skills. The skill necessary for Plaintiff to properly do her job was not obtained while working at Sweet Honey Tea. Plaintiff ordinarily possessed the basic skills necessary to complete her tasks at Sweet Honey Tea before being hired.

The fourth factor, method and form of payment, does not support classifying Plaintiff as an employee. Furthermore, there is considerable evidence Plaintiff knew her position was that of an independent contractor and even accepted the position of an independent contractor. First, Plaintiff received no benefits during her employment. (Exh. A, DeShazer Aff. at ¶21). Second, Plaintiff was paid cash. (Exh. A, DeShazer Aff. at ¶22). Third, Plaintiff never had taxes withheld from her income. (*See* Exh. A, DeShazer Aff. at ¶12). Fourth, Plaintiff never received an employee W-2. *Id.* Fifth, for the year 2022 Plaintiff received a Form 1099-NEC. *Id.* Plaintiff was paid on a Form 1099 basis, a factor that the Seventh Circuit has held is indicative of independent contractor status. *See Mazzei v. Rock-N-Around Trucking, Inc*., 246 F.3d 956, 965 (7th Cir. 2001) (stating that payment on a Form 1099 basis is "non-employee compensation" and would be "appropriate

for independent contractors."). Plaintiff's Form 1099-NEC states, "[y]ou received this form instead of Form W-2 *because the payer did not consider you an employee*." (*See* Exh. A, DeShazer Aff. at ¶12) (emphasis added). Up until today, Plaintiff has not contacted Defendant to correct her tax form and classify her as an employee. (Exh. A, DeShazer Aff. at ¶23). Thus, during her employment the evidence shows Plaintiff was an independent contractor and the evidence further shows Plaintiff was aware and accepted this fact.

The fifth factor, length of job commitment and/or expectations, does not favor classifying Plaintiff as an employee. Defendants or Plaintiff could terminate the employment relationship without cause. *See Mazzei*, 246 F.3d at 965 (stating that being able to cancel the lease at any time without penalty "can hardly be characterized as the type of commitment consistent with that of an employer-employee relationship"). The length of the Plaintiff's job commitment and expectations was minimal. There was no employment contract entered into between Plaintiff and Defendants outlining the job expectations or commitments (Exh. A, DeShazer Aff. at ¶18); though not dispositive, this strongly reflects that the parties intended Plaintiff to work as an independent contractor. The non-permanency of the relationship between Plaintiff and Defendants is evident by her ability to easily resign from her position without notice. Furthermore, the other factors in the analysis—that Plaintiff did not receive any benefits, was paid by Form 1099, and subject to minimal control and supervision by DeShazer —weigh in favor of independent contractor status. Plaintiff has the burden to prove she was an employee. *See Ost v. West Suburban Travelers Limousine*, 88 F.3d 435, 438 (7th Cir. 1996) (stating that plaintiff has the burden of proof in determining whether an individual is an employee or an independent contractor).

Moreover, the statements in Plaintiff's Complaint attempting to classify her as an employee should be disregarded by this Court as conclusory under *Twombly* and *Iqbal*, as it relies solely on

boilerplate labels and conclusions. (Dkt. No. 17 at ¶¶22-26). *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff has not asserted any facts suggesting that she was an employee. Quite frankly, Plaintiff has pled many allegations that are completely unsubstantiated. Plaintiff's specific job was not an "integral part of the business of Defendant". (Dkt. No. 17 at ¶22). DeShazer has been able to successfully run Sweet Honey Tea without Plaintiff considering she abruptly resigned from her position without giving him any notice. Plaintiff was not economically dependent on Defendants as Plaintiff quickly resigned from her position at Sweet Honey Tea. (Dkt. No. 17 at ¶¶26(e)). Moreover, Plaintiff had additional sources of income.

Plaintiff did not "work established hours and schedules set and controlled by Defendants" (Dkt. No. 17 at ¶25). DeShazer does not set work schedules nor require Plaintiff to report to work and leave work by specified times. (Dkt. No. 17 at ¶¶26(m)(iii), 26(m)(v)). Plaintiff was free to choose the days and hours she worked. (Exh. A, DeShazer Aff. at ¶20). DeShazer did not "set schedules" or pay Plaintiff through "a 'piece rate' pay plan" (Dkt. No. 17 at ¶¶26(f), 26(i)). DeShazer did not require Plaintiff to wear a specific uniform when working. (Dkt. No. 17 at ¶¶26(m)(viii)). Sweet Honey Tea does not have a uniform. (Exh. A, DeShazer Aff. at ¶14).

It is clear from the above Plaintiff's Complaint is a recitation of legal elements that contains no actual facts in an attempt to satisfy legal requirements. As such, many paragraphs this court should disregard as conclusory. Only employees can claim legal protection under Title VII. Considering all factors set forth above, Plaintiff was an independent contractor and not legally protected. Therefore, Plaintiff was not covered by Title VII and this court does not have jurisdiction.

C.    This Court Lacks Jurisdiction Over Plaintiff's FLSA Claims Because Plaintiff Was An Independent Contractor And The Act Does Not Apply To Independent Contractors.

When deciding whether individuals are "employees" under the FLSA, courts examine whether the individuals "as a matter of economic reality are dependent upon the business to which they render service." *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987). The Seventh Circuit continues to apply the six factors originally enumerated by the United States Supreme Court in 1947 to determine the economic reality of the nature of the working relationship:

1.    the nature and degree of the alleged employer's control;
2.    the employee's opportunity for profit or loss depending upon his managerial skill;
3.    the alleged employee's investment in equipment or materials required for his task,
4.    whether the service rendered requires as special skill;
5.    the degree of permanency and duration of the working relationship;
6.    the extent to which the service rendered is an integral part of the employer's business.

*Laurtizen,* 835 F.2d at 1535 (citing *Bartels v. Birmingham,* 332 U.S. 126, 130 (1947); *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947); *United States v. Silk*, 331 U.S. 704, 716 (1947). No single factor is determinative and the Court looks at the totality of the circumstances to decide whether an individual is an employee or an independent contractor. *Id.* at 1534-1535.

The first factor does not support the classification of Plaintiff as an employee. DeShazer exerted very little control over Plaintiff. Contrary to Plaintiff's assertions in her Complaint, DeShazer did not assign work schedules nor require Plaintiff to work and leave work by specified times. (Exh. A, DeShazer Aff. at ¶20). Plaintiff maintained substantial flexibility in creating her own schedule, which suggests a significant degree of independence and a lack of control by DeShazer.  While DeShazer did tell independent contractors, such as Plaintiff, to pour flavored tea into plain bottles, this amounts to little more than the basic level of supervision required to ensure Sweet Honey Tea was running properly. DeShazer did not control how Plaintiff did her job and Plaintiff was given the freedom to decide how to accomplish her work-related tasks. The details

of manner and means were entirely within the control of Plaintiff. Thus, this factor weighs heavily in favor of Plaintiff being an independent contractor.

The only skill required of Plaintiff was to pour liquid into bottles. (Exh. A, DeShazer Aff. at ¶19). Plaintiff's job duties required unspecialized, basic skill. The skill necessary for Plaintiff to properly do her job was not obtained while working at Sweet Honey Tea. Plaintiff ordinarily possessed the basic skills necessary to complete her task at Sweet Honey Tea prior to being hired. Thus, this factor weighs heavily in favor of Plaintiff being an independent contractor.

The more permanent, the more this factor weighs in favor of employment rather than independent contracting. *See Lauritzen*, 835 F.2d at 1537; *Donovan v. Brandel,* 736 F.2d 1114, 1117-18 (6th Cir. 1984). Defendant or Plaintiff could terminate the work relationship without cause. *See Mazzei*, 246 F.3d at 965 (stating that being able to cancel the lease at any time without penalty "can hardly be characterized as the type of commitment consistent with that of an employer-employee relationship"). The length of the job commitment and expectations was minimal. There was no employment contract entered into between Plaintiff and Defendant (Exh. A, DeShazer Aff. at ¶18); though not dispositive, this strongly reflects that the parties intended Plaintiff to work as an independent contractor. The non-permanency of the relationship between Plaintiff and Defendant is evident by her ability to easily resign from her position less than five (5) months from being hired. Thus, this factor weighs heavily in favor of Plaintiff being an independent contractor since she could, and did, leave the position of her own volition.

Although this factor is not enumerated above, courts also have considered the degree to which the individuals claiming to be employees are dependent on the employer. *See Lauritzen*, 835 F.2d at 1538; *Usery v. Pilgrim Equipment Co.,* 527 F.2d 1308, 1311-12 (5th Cir. 1976). Plaintiff worked minimal hours for Sweet Honey Tea. (Exh. A, DeShazer Aff. at ¶20). If Plaintiff

did not work for Defendant, she would not be incomeless until she found another job. It is hard to say Plaintiff was economically dependent on Defendant while having other sources of monthly income.

Only employees can claim legal protection under FLSA. Reviewing the totality of the circumstances here and as a matter of economic reality, Plaintiff was an independent contractor and not legally protected. Therefore, Plaintiff was not covered by FLSA and this court does not have jurisdiction.

D.    This Court Lacks Jurisdiction Over Plaintiff's FLSA Claims Because Sweet Honey Tea Is Not Covered By FLSA.

To prevail on a claim under FLSA, Plaintiff must prove that the Act covered the enterprise within which she worked (known as "enterprise coverage") or her individual job (known as "individual coverage"). *Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290, 295 c. 8 (1985). Plaintiff cannot prove either.

1.    <u>Sweet Honey Tea is not subject to enterprise coverage under FLSA.</u>

An employer is subject to enterprise coverage under FLSA if it: (1) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (the "handling requirement") and (2) has at least $500,000 of annual gross volume of sales made or business done (the "dollar-volume requirement"). 29 U.S.C. § 203(s)(1)(A)(i-ii). The Act will not cover an entity that has less than $ 500,000 in annual gross volume of sales made or business done. *Id.* This dollar volume of sales made or business done is a jurisdictional requirement and a plaintiff "who seeks to establish covered employee status must show that she is employed in an 'enterprise' that meets the volume of business criterion." *Satyal v. Shah*, 756 F. Supp. 937, 938 (E.D. Va. 1991).

Nowhere in Plaintiff's Complaint is it alleged that Sweet Honey Tea conducted $500,000 worth of business. The closest Plaintiff comes is wherein she alleges Defendant "is an enterprise engaged in commerce or in the production of foods for commerce within the meaning of FLSA. 29 U.S.C. § 203(s)(1)." (Dkt. No. 17 at ¶18). However, this general allegation is insufficient to meet the pleading requirement that Plaintiff was employed by an "enterprise" that meets the $500,000 volume of business and should be disregarded by this Court as conclusory under *Twombly* and *Iqbal*. Plaintiff has failed to plead the necessary allegation that Sweet Honey Tea conducted $500,000 worth of business.

Notwithstanding Plaintiff's inadequate pleading on the face of her Complaint, Sweet Honey Tea does not meet FLSA's requisite minimum of $500,000 during the relevant period. Plaintiff voluntarily resigned from her position on December 22, 2022. (Exh. A, DeShazer Aff. at ¶30). Sweet Honey Tea's estimated gross volume of sales made or business done (hereinafter "revenue") for 2022 amount to $165,847 (Exh. A, DeShazer Aff. at ¶7). This amount was $334,153 below the jurisdictional minimum. 29 U.S.C. § 203(s)(1)(A)(i).

Even if a rolling quarter analysis were applied, Sweet Honey Tea was never at the jurisdictional minimum. For 2021, Sweet Honey Tea's revenue amounted to $178,478. (Exh. A, DeShazer Aff. at ¶8). Thus far in 2023, Sweet Honey Tea's revenue amounts to $142,457 (Exh. A, DeShazer Aff. at ¶9). It is clear from Sweet Honey Tea's financial history it does not meet the FLSA's dollar-volume requirement. Plaintiff cannot allege in good faith that Sweet Honey Tea was doing at least $500,000 in annual revenue during the relevant time period of her allegations. Therefore, Defendant is not subject to enterprise coverage under FLSA. Lacking this enterprise coverage, Plaintiff is not covered by FLSA unless she can prove "individual coverage" meaning she herself is engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

2.    Plaintiff's job is not subject to individual coverage under FLSA.

If FLSA does not cover the business for which an employee works, the Act may still cover the employee's individual job. "Individual coverage" exists where an employee "engaged in commerce or in the production of goods for commerce" regardless of whether the employer constitutes an enterprise. 29 U.S.C. § 207(a)(1). See, e.g., *Marshall v. Whitehead*, 463 F. Supp. 1329, 1341 (M.D. Fla. 1978). Nowhere in Plaintiff's Complaint is it alleged that Plaintiff is engaged in commerce or in the production of goods for commerce. Nonetheless, Plaintiff cannot plead in good faith she was engaged in commerce or in the production of goods for commerce, and therefore is not covered by FLSA.

i.    *Plaintiff was not engaged in the production of goods for commerce.*

Plaintiff did not produce any goods for commerce while working for Sweet Honey Tea. Goods are produced for commerce "where the employer intends, hopes, expects, or has reason to believe that the goods or any unsegregated part of them *will move* (in the same or in an altered form or as a part or ingredient of other goods)" in interstate commerce. 29 C.F.R. § 776.21 (emphasis added). Thus, production of goods for commerce "includes all steps … which lead to readiness for putting goods into the stream of commerce." *Rivera v. Heights Landscaping, Inc.*, No. 03 C 6428, 2004 WL 434214 (N.D.Ill. 2004) citing 51B C.J.S. Labor Relations § 1135 (2004).

Nothing Plaintiff "produced" at her job at Sweet Honey Tea was "for commerce". The Act defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). DeShazer never intended, hoped, expected, or had reason to believe that the tea Sweet Honey Tea produced will move in interstate commerce. Plaintiff handled tea for distribution in the community where Sweet Honey Tea is located. Sweet Honey Tea has only sold its flavored tea locally within the Chicagoland area at gas stations, restaurants, and directly to individual consumers. (Exh. A,

DeShazer Aff. at ¶5). Sweet Honey Tea has never sold its tea online or delivered its tea through the mail. *Id.* Accordingly, Plaintiff was not engaged in the production of goods for commerce, and Plaintiff therefore is not covered by FLSA.

"Producing", "handling", or "working on" goods means more than merely touching, moving, or using them. *Joles v. Johnson County Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169, 1176 (S.D. Ind. 1995). Plaintiff cannot establish individual coverage merely by showing that in the course of her work she used goods that originated out of state. While Plaintiff may have used goods, such as bottles, while working, Plaintiff was using them as the "ultimate consumer" of such goods. 29 U.S.C. § 203 (i). Mere use, physical touching, or consumption of goods that have traveled in interstate commerce is not enough. *Joles*, 885 F.Supp. 1169, 1176. Whether Plaintiff used goods or materials that traveled in interstate commerce has no bearing on whether Plaintiff is a covered individual under the FLSA because use of such goods or materials is insufficient to establish that Plaintiff was personally "engaged in commerce" or "engaged in the production of goods for commerce." *Id.*

ii.     *Plaintiff was not engaged in commerce.*

Plaintiff was not engaged in commerce as required for coverage under FLSA. In determining whether an employee is a covered individual under FLSA, the focus is on "the nature of the activities of the employee, rather than the general character of the employer's business." *Whitehead*, 463 F. Supp. at 1342 (citing *Mitchell v. Lublin McGaughey & Assoc.*, 358 U.S. 107, 209 (1959)). The U.S. Supreme Court has held, "The test under this present act, to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld, et al.*, 319 U.S. 491, 497

(1943). The determination of "engaged in commerce" has also been described in this way: "For an employee to be 'engaged in commerce' she must be either directly participating in the actual movement of persons or things in interstate commerce or doing work directly supporting the movement of goods in interstate commerce. *Joles*, 885 F.Supp. 1169, 1178.

Plaintiff worked at Sweet Honey Tea located in Ford City Mall in Chicago, Illinois pouring flavored tea into bottles. The tea Plaintiff handled was prepared in Illinois and sold within Illinois. (Exh. A, DeShazer Aff. at ¶¶ 4-6). Sweet Honey Tea has only sold its flavored tea locally within the Chicagoland area. *Id.* Sweet Honey Tea has never sold its tea online or delivered its tea through the mail. *Id.* As mentioned above, the fact that some supplies or equipment used by Plaintiff may have originated from another state is irrelevant because the supplies and equipment were purchased from a local retailer and "[w]hen the goods reached the local retailers, their interstate journey had ended." *Joles*, 885 F.Supp. 1169, 1179 ("The fact that any goods or materials used by the defendant in the performance of her duties had moved in interstate commerce is irrelevant to the question of whether she was engaged in commerce.)

All of Sweet Honey Tea's business is local and has only occurred in the State of Illinois. Plaintiff did not produce goods for commerce and did not engage in commerce under FLSA. Accordingly, Plaintiff was not engaged in commerce or in the production of goods for commerce, and Plaintiff therefore is not covered by FLSA.

E.    This Court Should Decline To Exercise Pendent And Supplemental Jurisdiction Over Plaintiff's IHRA Claims Because It Does Not Have Jurisdiction Over Plaintiff's Title VII And FLSA Claims.

Plaintiff alleges "Count III and IV have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. § 1367". (Dkt. No. 17 at ¶6). As argued above, this Court lacks jurisdiction over Plaintiff's Title VII and FLSA claims. While 28 U.S.C. § 1367(a) gives this court supplemental

jurisdiction over Plaintiff's IHRA claims, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994). *See also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir.1999); *see Sharp Electronics Corp. v. Metropolitan Life Ins. Co.,* 578 F.3d 505, 514 (7th Cir. 2009). Accordingly, this court should decline to exercise pendent and supplemental jurisdiction over Plaintiff's IHRA claims.

District courts may retain supplemental jurisdiction, however, if factors such as judicial economy, convenience, fairness, and comity support it. *Wright,* 29 F.3d at 1252. *See also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-173 (1997). Here, none of the above factors support this Court's retention of supplemental jurisdiction over Plaintiff's remaining IHRA claims. Judicial economy would not be served because few judicial resources have been committed to this action since its initial filing on March 22, 2023. There are no convenience concerns that militate toward retaining jurisdiction over the state law claims at this early stage in the proceedings. Finally, fairness and comity would not be served because the remaining claims are rooted firmly in Illinois law, and the state court would be better suited to decide them. Accordingly, under 28 U.S.C. § 1367(c), this court should decline to exercise supplemental jurisdiction over Plaintiff's IHRA claims.

## II.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE ALL COUNTS (I, II,   III, IV, V, AND VI) FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.

In order to satisfy Federal Rule of Civil Procedure 12(b)(6), a plaintiff's factual allegations must plausibly suggest that she is entitled to relief, "raising that possibility above a speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). While legal conclusions can provide

the framework of a complaint, the legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 678. ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Furthermore, "... if a plaintiff pleads facts which show he has no claim, then he has plead himself out of court." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Even when all of Plaintiff's assertions are taken as true, her claims in Counts I, II, III, IV, V, and VI are implausible and must be dismissed.

A. Plaintiff's Sexual Harassment Claims (Count I And IV) Must Be Dismissed Because Plaintiff Failed To State A Claim Upon Which Relief Can Be Granted.

In Count I and IV of her Complaint, Plaintiff attempts to assert causes of action for sexual harassment under Title VII and IHRA. To prevail on these claims, Plaintiff must show that (1) she endured unwelcome sexual harassment; (2) she was harassed because of her sex; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile work environment; and (4) there is a basis for employer liability. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 684 (7th Cir. 2010). Plaintiff cannot meet the third or fourth elements of this claim.

1. Plaintiff's alleged sexual harassment was not sufficiently severe or pervasive to create a hostile work environment.

At the outset, the limited nature of Plaintiff's allegations restricts the viability of her legal claim. "Whether the harassment rises to this level turns on a constellation of factors that include 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 806–07 (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993)). Further, a claim for a hostile work environment must be tested both objectively and subjectively. *Hostetler,* 218 F.3d at 807.

Plaintiff was hired by Sweet Honey Tea on August 1, 2022. (Dkt. No. 17 at ¶20). Plaintiff reported the alleged sexual harassment to DeShazer on September 7, 2022. (Dkt. No. 17 at ¶36). Plaintiff alleges an instance of sexual harassment on October 1, 2022. (Dkt. No. 17 at ¶¶39-47). Plaintiff claims "the conditions at the job became some [sic] intolerable that Plaintiff was constructively discharged". (Dkt. No. 17 at ¶49). Plaintiff alleges she was "in fear of her safety" and only had "the option to be subject to sexual harassment and sexual assault or be constructively discharged". (Dkt. No. 17 at ¶48). Despite Plaintiff's claims, she did not resign until December 22, 2022. (Exh. A, DeShazer Aff. at ¶30). Plaintiff willingly chose to continue to work at Sweet Honey Tea for twelve (12) weeks after the last alleged incident of harassment. Moreover, Plaintiff has identified only one instance of sexual harassment on October 1, 2022. (Dkt. No. 17 at ¶39). Besides this occurrence, Plaintiff's Complaint contains no other references to sexual harassment she experienced as an independent contractor of Sweet Honey Tea. Subjectively, Plaintiff's alleged harassment is not sufficiently severe or pervasive to create a hostile work environment.

An objectively hostile environment is one that a reasonable person would find hostile or abusive. *Harris*, 510 U.S. at 21. In determining whether a plaintiff has met this standard, courts

must consider all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. at 23. As the Supreme Court recently cautioned, "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

In its analysis of supposedly discriminatory conduct, the Seventh Circuit has stated that "[p]erhaps the most heavily emphasized factor in our cases is whether there was inappropriate touching." *Turner,* 595 F.3d at 685-686. ("Indeed, in cases where we have held that the evidence was insufficient to establish an objectively hostile work environment, we have emphasized that no touching occurred."). In this case, Plaintiff has alleged only one instance of *attempted* touching which occurred three months prior to her resignation – Eric "tried to touch Plaintiff's body". (Dkt. No. 17 at ¶40). Plaintiff has alleged Eric said to her "let me take you out", "your ass is so fat", "let me take you drinking". (Dkt. No. 17 at ¶34). However, even accepting Plaintiff's allegations as true, Eric's alleged actions do not rise to the level of "severe or pervasive" conduct necessary to sustain a claim of sexual harassment; even physical touching is not always enough. *See, e.g., Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 460, 463-64 (7th Cir. 2002) (finding no actionable harassment where plaintiff alleged two incidents in which her supervisor touched and rubbed her back and squeezed her shoulder, and single incident during a uniform inspection in which he stared at her chest and ordered her to raise her arms).[1]

---

[1] *See also Adusumilli v. City of Chicago*, 164 F.3d 353, 361-362 (7th Cir. 1998) (affirming summary judgment for defendant where alleged harassment included ambiguous comments about low-neck tops and eating bananas, staring and attempts to make eye contact, and four isolated incidents in which a co- worker briefly touched plaintiff's arm, fingers, or buttocks); *Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 708 (7th Cir. 1995) (affirming summary judgment for defendant where alleged harasser's conduct included removing his shoe and rubbing plaintiff's leg with his foot, grabbing plaintiff's buttocks, telling plaintiff that he found her attractive and could not control himself in her presence, and asking plaintiff to go out with him); *Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 528, 534-35 (7th Cir. 1993)

This particular Court has confirmed that a "stray vulgar remark" that is "not physically threatening and would not alter the conditions of ... employment" cannot rise to the level of an actionable claim. *Otero v. City of Chi.*, No. 10-CV-2284, 2013 WL 530977, at 7 (N.D. Ill. Feb. 6, 2013). Eric's remarks to Plaintiff were nothing more than mere offensive utterances. Thus, Plaintiff's allegations do not come anywhere close to the requisite level of severity to constitute actionable sexual harassment.

2.      There is no basis to impute liability to Defendants under Title VII.

Even if the Court were to find that Eric's alleged conduct constituted sexual harassment, there is no basis to impute liability to Defendants under Title VII. Plaintiff must prove that "there is a basis for employer liability." *Turner*, 595 F.3d at 684. Whether there is a basis for employer liability depends on whether the alleged harassment was perpetrated by supervisors or coworkers. *See Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021, 1029 (7th Cir. 2004); *see generally Faragher*, 524 U.S. at 807–808, and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764–65 (1998). Employers are "strictly liable" for harassment inflicted by supervisors. *Williams*, 361 F.3d at 1029. If only coworkers were culpable for making a work environment hostile, the plaintiff must show that the employer has "been negligent either in discovering or remedying the harassment." *Id.*

---

(affirming summary judgment for defendant where plaintiff alleged that her supervisor placed his hand above her knee several times, once rubbed her upper thigh, kissed her on one occasion, and "lurched" at her and tried to grab her on another); *Weiss v. Coca-Cola Bottling Co. of Chicago*, 990 F.2d 333, 337 (7th Cir. 1993) (finding no actionable harassment where alleged harasser's conduct included asking plaintiff out on dates, putting his hand on her shoulder several times, placing "I love you" signs in her work area, and attempting to kiss her on one or more occasions); *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 977-78 (7th Cir. 2000) (affirming summary judgment for employer on sexual harassment claim and holding comments about female employee's lingerie and wardrobe were not severe and pervasive enough to alter the conditions of employee's employment); *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 477, 480-81 (7th Cir. 1996) (affirming summary judgment for employer on sexual harassment claim and holding alleged harasser's comments, including statement that drinking coffee induces sexual arousal and that he was coming to her office to see if she was drinking coffee, did not create objectively hostile work environment).

Plaintiff's Complaint centers around the alleged sexual harassment by a man named Eric. Plaintiff alleges Eric is an employee of Sweet Honey Tea. (Dkt. No. 17 at ¶32). Plaintiff further alleges DeShazer allowed Eric "to help out in exchange for food." *Id.* However, Eric is a known drifting homeless man who goes from merchant to merchant in Ford City Mall. (Exh. A, DeShazer Aff. at ¶24). At all times material to the allegations of the Complaint, Eric, the alleged harasser, was not an employee or independent contractor of Sweet Honey Tea. (Exh. A, DeShazer Aff. at ¶25). Eric, the alleged harasser, has never been an employee or an independent contractor of Sweet Honey Tea. (Exh. A, DeShazer Aff. at ¶26). As of today, Eric, the alleged harasser, is not an employee or an independent contractor of Sweet Honey Tea. (Exh. A, DeShazer Aff. at ¶27).

Ultimately, by asserting DeShazer allowed Eric to "help out in exchange for food" (Dkt. No. 17 at ¶32), Plaintiff has shown Eric was not an employee and there is no basis for imputing liability to Defendants. Plaintiff has pleaded herself out of court and Count I and IV should be dismissed with prejudice.

B.   Plaintiff's Sexual Discrimination Constructive Discharge Claims (Count II And III) Must Be Dismissed Because Plaintiff Failed To State Claims Upon Which Relief Can Be Granted.

In Count II and III of her Complaint, Plaintiff attempts to assert causes of action alleging Defendants discriminated against her based on her sex resulting in her being constructively discharged in violation of Title VII and IHRA. Though she need not establish a *prima facie* case of discrimination that would be sufficient under the *McDonnell Douglas* framework at this stage, the sufficiency of her pleadings may still be informed by the requirements of that test. *Vega v. Chi. Park Dist.,* 958 F.Supp.2d 943, 953 (N.D. Ill. 2013).

The *McDonnell Douglas* framework requires Plaintiff to show that: "(1) that she was a member of a protected class; (2) that she was performing her job satisfactorily; (3) that she

experienced an adverse employment action; and (4) that similarly situated individuals were treated more favorably." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). Plaintiff cannot meet the third or fourth elements of this claim.

1.   <u>Plaintiff has not pled facts sufficient to show she experienced an adverse employment action and was constructively discharged.</u>

To prevail on a constructive discharge claim, Plaintiff must show that "quitting was the only way [she] could extricate herself from the intolerable conditions." *Gawley v. Indiana Univ.*, 276 F.3d 301, 315 (7th Cir. 2001). In doing so, Plaintiff is required to "demonstrate a work environment that is even more egregious than that needed for a hostile work environment" and one that "from the standpoint of a reasonable employee, had become unbearable." *Thompson v. Mem'l Hosp. of Carbondale*, 625 F.3d 394, 401–02 (7th Cir. 2010). "[I]t is difficult for a plaintiff to show constructive discharge." *Cooper–Schut v. Visteon Automotive Sys.,* 361 F.3d 421, 428 (7th Cir. 2004). Plaintiff cannot meet this high standard of showing that her work conditions objectively were unbearable.

At the outset, the limited nature of Plaintiff's allegations restricts the viability of her legal claims. Constructive discharge typically is found only in cases involving threats of physical harm or truly outrageous emotional abuse. *See, e.g., Taylor v. W. & S. Life Ins. Co.,* 966 F.2d 1188, 1191 (7th Cir. 1992) (constructive discharge where boss held a pistol to plaintiff's head); *Brooms v. Regal Tube Co.*, 881 F.2d 412, 417 (7th Cir. 1989) (human resource manager grabbed plaintiff and threatened to kill her); *Porter v. Erie Foods Int'l, Inc.,* 576 F.3d 629, 640 (7th Cir. 2009) (presence of multiple nooses in the workplace and implied threats of physical violence). Eric's harassment, even if highly offensive and extremely pervasive, simply is not the type of conduct that would justify a reasonable person to feel they had no other choice but to quit.

**Page 25 of 30**

Although a constructive discharge may also occur when "an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated." *Chapin v. Fort–Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010). Plaintiff has made no showing that DeShazer ever communicated to her that she would be fired and there is no evidence to suggest that this was the case. Plaintiff's constructive discharge claim is based upon the harassing conduct by Eric, a homeless man who wanders Ford City Mall. However, even if all those factual disputes are considered in the light most favorable to Plaintiff, she has not presented sufficient evidence upon which a reasonable jury could find that the harassment made her working conditions so intolerable that a reasonable person would be forced to resign. Thus, Plaintiff's cannot meet her burden of proving she experienced an adverse employment action.

2.   <u>Plaintiff has not pled facts sufficient to show similarly situated individuals were treated more favorable.</u>

To prove a *prima facie* case, Plaintiff must point to another similarly situated employee who was not a member of the protected class and was treated more favorably than she. "To be similarly situated, co-workers must be directly comparable to the plaintiff in all material aspects, but they need not be identical in every conceivable way." *Langenbach* v. *Wal-Mart Stores, Inc.*, 761 F.3d 792, 802 (7th Cir. 2014). Plaintiff's Complaint has not identified any similarly situated individuals who were treated more favorably but merely states Defendant treated "Plaintiff less favorably than similarly situated employees outside her protected class". (Dkt. No. 17 at ¶¶68, 74). However, Plaintiff has not identified who these employees are. Plaintiff's conclusory assertion cannot save her claim and is legally inadequate. Thus, Plaintiff cannot carry her burden on this element of her *prima facie* case.

C.   Plaintiff's Independent Contractor Misclassification Claim (Count V) Must Be Dismissed Because Plaintiff Failed To State A Claim Upon Which Relief Can Be Granted.

In Count V of her Complaint, Plaintiff attempts to assert a cause of action alleging Defendants misclassified herself and other similarly situated individuals in violation of the FLSA. (Dkt. No. 17 at ¶ 90).

As explained above in Sections I.B. and I.C., the totality of the circumstances, facts, and economic reality weigh in favor of Plaintiff being classified as an independent contractor. Notably, DeShazer exerted very little control and supervision over Plaintiff and her work. Plaintiff maintained substantial flexibility in creating her own schedule. DeShazer did not assign work schedules nor require Plaintiff to work and leave work by specified times. Also significant, DeShazer did not control how Plaintiff did her job and Plaintiff was given the freedom to decide how to accomplish her work-related tasks. Plaintiff's job duties required unspecialized skills she had prior to working for Sweet Honey Tea. Also notable, Plaintiff or Defendants could terminate the work relationship without cause. *See Mazzei*, 246 F.3d at 965 (stating that being able to cancel the lease at any time without penalty "can hardly be characterized as the type of commitment consistent with that of an employer-employee relationship"). The non-permanency of the relationship between Plaintiff and Defendant is evident by her ability to easily resign from her position less than five (5) months from being hired.

Accordingly, Count V of Plaintiff's Complaint alleging independent contractor misclassification must be dismissed with prejudice.

D.   Plaintiff's Failure To Pay Minimum Wages Claim (Count VI) Must Be Dismissed Because Plaintiff Failed To State A Claim Upon Which Relief Can Be Granted.

In Count VI of her Complaint, Plaintiff attempts to assert a cause of action alleging Defendants failed to pay minimum wages in violation of the FLSA. (Dkt. No. 17 at ¶¶78-85).

Plaintiff alleges she "was not paid for all hours worked". (Dkt. No. 17 at ¶¶81). While legal conclusions can provide the framework of a complaint, the legal conclusions must be supported by factual allegations. *Iqbal,* 556 U.S. at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of her claims. *See Perkins*, 939 F.2d at 472. Plaintiff's Complaint merely recites legal elements but fails to allege specific facts as to which hours worked she was not paid.

Nonetheless, under FLSA, every "[e]mployer shall pay to each of his employees who in any workweek *is engaged in commerce or in the production of goods for commerce*, or is *employed in an enterprise engaged in commerce or in the production of goods for commerce*" a minimum wage of not less than $7.25 per hour. 29 U.S.C. § 206(a)(1) (emphasis added). DeShazer paid Plaintiff a minimum wage of $12.50 per hour. (Exh. A, DeShazer Aff. at ¶17). Plaintiff was paid $5.25 above FLSA's requirement.

Even so, FLSA's provision pertaining to minimum wages only applies if (1) Plaintiff is engaged in commerce or in the production of goods for commerce ("individual coverage") or (2) Sweet Honey Tea is an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). 29 U.S.C. § 206(a)(1).

As argued above in Sections I.B. and I.C., Plaintiff was not engaged in commerce or in the production of goods for commerce. All of Sweet Honey Tea's business is locally within the State of Illinois. Therefore, FLSA's provision pertaining to minimum wages cannot apply pursuant to individual coverage.

Under FLSA an enterprise engaged in commerce or in the production of goods for commerce, means an enterprise that:

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**

(ii) is an enterprise whose annual gross volume of sales made or business done is **not less than $500,000** (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203 (s)(1)(A)(i-ii). As argued above in Sections I.D., Sweet Honey Tea does not meet FLSA's $500,000 dollar-volume requirement. Therefore, FLSA's provision pertaining to minimum wages cannot apply pursuant to enterprise coverage.

Accordingly, Count VI of Plaintiff's Complaint alleging failure to pay minimum wages claim must be dismissed with prejudice.

## CONCLUSION

Plaintiff attempts to assert claims under Title VII, IHRA, and FLSA but riddles her Complaint with false facts, unrelated legal buzzwords, boilerplate labels and requests for relief to which she is not entitled. All claims are not justiciable. As such, all purported counts in this lawsuit, should be dismissed with prejudice.

WHEREFORE, for the reasons stated above, Defendants, Sweet Honey Tea, Inc. and Darrell DeShazer, requests that this Honorable Court grant Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint and enter an Order dismissing Plaintiff's First Amended Complaint in its entirety, and for any further relief that this Court deems just and proper.

Respectfully submitted,

**SWEET HONEY TEA, INC. and**
**DARRELL DESHAZER**

By: _____/s/ Cozette A. Otubusin_____
        One of Their Attorneys

Dated: August 24, 2023

Cozette A. Otubusin, Esq.
ARDC No. 6337376
Paul O. Otubusin, Esq.
ARDC No. 6205261
**OTUBUSIN & OTUBUSIN**
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
cozette@otubusinlaw.com
drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)