## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TAMIKA DALTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No: 1:23-cv-01793** |
| | ) | |
| **v.** | ) | **Honorable Judge Nancy L.** |
| | ) | **Maldonado** |
| **SWEET HONEY TEA, INC., and** | ) | |
| **DARRELL DESHAZER,** | ) | **Magistrate Judge Jeffery** |
| | ) | **Cummings** |
| **Defendant.** | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS

Plaintiff, Tamika Dalton ("Plaintiff"), by and through the undersigned counsel, hereby submits her memorandum in support of her opposition to Defendant, Sweet Honey Tea, Inc. and Darrell Deshazer's (collectively, "Defendants") 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and in support states as follows:

### I.    INTRODUCTION

In December 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") claiming that she faced sex-based discrimination and sexual harassment during her employment with Defendant. Plaintiff received a Notice of Right to Sue from the EEOC and IDHR. As a result, Plaintiff filed this current lawsuit.

On July 10, 2023, Plaintiff filed her six-count Amended Complaint with this Court against Defendants (Dkt. 17). Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendants' sex-based discrimination against

Plaintiff and for subjecting Plaintiff to sexual harassment in violation of Title VII. This lawsuit also arises under (775ILCS 5/) Illinois Human Rights Act ("IHRA") for Defendants' sex-based discrimination against Plaintiff and for subjecting Plaintiff to sexual harassment in violation of IHRA.

Moreover, this lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendants' misclassification of Plaintiff and similarly situated employees as an independent contractor and failure to pay minimum wage to Plaintiff and all other similarly situated persons. *Id.*

Defendants filed a Motion to Dismiss Plaintiff's Frist Amended Complaint (Dkt. 25) on August 24, 2023 alleging that this Court does not have jurisdiction over Plaintiff's claims and that Plaintiff failed to state claims on which relief can be granted. However, Defendants disregards the standard of review for a motion to dismiss and, effectively has actually filed a motion for summary judgment disguised as a motion to dismiss.

Therefore, Plaintiff submits this memorandum in support of her opposition to Defendants' Motion to Dismiss and respectfully requests the Court to deny Defendants' motion.

## II.       STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). If it only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the complaint fails to satisfy the pleading requirements and dismissal is appropriate. *Id., quoting Twombly*, 550 U.S. at 555. When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all the well-pleaded material facts and

must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). A court is not obligated, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Twombly*, 550 U.S. at 570.

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, all that is required is that the claimant set forth a 'short and plain statement of the claim' sufficient to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'. *Iqbal*, 556 U.S. at 677. A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Conley v. Gibson*, 335 U.S. 41, 45-46,. 2 L.Ed.2d 80 (1957); see also Fed. R. Civ. P. 12(b)(6). The complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In short, the complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which it rests. *See Conley*, 355 U.S. at 47, 78 S. Ct. 99.

### III.    ARGUMENT

### A.    PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED BECAUSE DEFENDANTS' ARGUMENT FOR DISMISSAL ARE FACTUAL DEFENSES, WHICH ARE BETTER SUITED FOR A MOTION FOR SUMMARY JUDGMENT.

Defendants misunderstand the Court's role at this stage in litigation. Defendants' arguments that are laid out in their entire motion to dismiss are not attacks on the pleading but mere factual arguments that are better suited for summary judgment. *Carlson v. CSX Transp., Inc*., 758 F.3d 819, 827 (7th Cir. 2017). In fact, Defendants cite to several summary judgment holdings to support their motion to dismiss, which further shows that Defendants' motion to dismiss is

improper and should not be granted.

To meet the pleading requirements for a Title VII, FLSA, and the supplemental jurisdiction state equivalent claims, Plaintiff is required to allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting Plaintiff's claim." See, e.g., *Richardson v. Swift Transportation Co. of Arizona, LLC*, Case No. 17-c-4046, 2018 WL 1811332, N.D. Ill. Apr. 17, 2018 (quoting *Huri v.Office of the Chief Judge of the Circuit Ct. of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015)).

Here, Plaintiff alleged enough facts to raise a reasonable expectation that discovery will reveal evidence supporting all of Plaintiff claims. (Dkt. 17 ¶¶ 10-85).

## B.   PLAINTIFF SUFFICIENTLY PLED THAT IT IS PLAUSIBLE THAT DEFENDANT DOES HAVE MORE THAN 15 EMPLOYEES FOR TITLE VII PURPOSES

The question of the number of employees required under Title VII and the question of the employment relationship under Title VII is not a jurisdictional issue, conversely the number of employees an employer has for Title VII purposes are simply elements that the plaintiff must prove as part of their prima facie case. *Smith v. Castaways Family Diner*, 453 F.3d 971, 97 (7th Cir. 2006).

The Supreme Court's decision in *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 163 L. Ed. 2d 1097 (2006), has since made clear that the requirement is not jurisdictional.

For example, in *Smith v. Castaways Family Diner*, the 7th circuit held that the question of whether an employer meets the definition of "employer" under Title VII is not a jurisdictional issue, but rather an element that the plaintiff must prove as part of their prima facie case. *Id.* This suggests that a motion to dismiss based on the employer's claim that they have less than 15 employees may not be proper if the plaintiff has adequately alleged that the defendant is an

4

employer under Title VII. *Id.*

Similarly, in *Mustari v. New Hope Academy*, the court held that dismissal of the Title VII claims was inappropriate because it may be possible for the plaintiff to prove that the defendant employed fifteen people for at least twenty weeks. *Mustari v. New Hope Acad.*, 2004 U.S. Dist. LEXIS 11126, *7.

Therefore, because Plaintiff adequately pled that the employer has more or at least 15 employees, Defendants' argument is better suited for a motion for summary judgment and not a motion dismiss.

## C. DEFENDANTS' ARGUMENT THAT PLAINTIFF IS AN INDEPENDENT CONTRACTOR IS NOT ONLY A FACTUAL ISSUE NOT PROPERLY SUITED FOR A MOTION TO DISMISS BUT IS ACTUALLY ONE OF PLAINTIFF'S CLAIMS UNDER THE FLSA.

Seventh Circuit and district courts within the Seventh Circuit suggest that it is improper to grant a motion to dismiss solely on the basis that the plaintiff is an independent contractor[1] because whether someone is an independent contractor is fact-bound and cannot be resolved from the face of the complaint. *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 776; *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 643. The analysis is the same for Title VII and FLSA claims. *Id.*

"Status as an 'employee' for purposes of the FLSA and Title VII depends on the totality of the circumstances rather than on any technical label." *Brown v. Club Assist Road Service U.S., Inc.*, No. 12-CV-5710, 2013 U.S. Dist. LEXIS 133990, 2013 WL 5304100, at *5 (N.D. Ill. Sept. 19, 2013). Whether individuals are independent contractors or employees turns on whether they

---

[1] Employer misclassification of their employees as independent contractors is a widespread phenomenon in Illinois and the United States. Employers may misclassify workers as a way to circumvent laws like the FLSA, Title VII, and IHRA, which Plaintiff has reasonable belief that is what is happening here.

"as a matter of economic reality[,] are dependent upon the business to which they render service." *Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987). Six elements are relevant to this determination:

> (1) The nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; [**14] (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business.

> *Id*. at 1535.

Therefore, that is why in *Deschepper v. Midwest Wine & Spirits, Inc*., the district court denied a motion to dismiss based on the employer's contention that the plaintiffs were independent contractors. Furthermore, the court found that the question of whether someone is an independent contractor is fact-bound and cannot be resolved from the face of the complaint. *Deschepper v. Midwest Wine & Spirits, Inc*., 84 F. Supp. 3d 767, 776. In *Flannery v. Recording Indus. Ass'n of Am*., the 7th circuit reversed a district court's dismissal of a plaintiff's claims, in part because the district court erred in finding that the plaintiff's retaliation claims were not actionable because they related to an independent contractor relationship. *Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 643.

Here, at the motion to dismiss stage, the allegations laid out in paragraphs 20-26 of Plaintiff's complaint relate to all six elements of the economic realities test. As a result, Plaintiff has satisfied the *Iqbal* standard and the question of whether someone is an independent contractor is fact-bound and cannot be resolved from the face of the complaint. As such, this court does have jurisdiction of all Plaintiff's claims and should deny Defendants' motion to dismiss.

D. **DEFENDANTS' ARGUMENT OF NOT BEING SUBJECT TO ENTERPRISE COVERAGE OR INDIVIUDAL COVERAGE IS A FACTUAL ISSUE NOT SUITED FOR A MOTION TO DISMISS**

Defendants' argument that they are not subject to FLSA coverage under an enterprise liability or individual liability, again, are factual in nature and not attacks on the pleading. Plaintiff was required to allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting Plaintiff's claim." See, e.g., *Richardson v. Swift Transportation Co. of Arizona, LLC*, Case No. 17-c-4046, 2018 WL 1811332, N.D. Ill. Apr. 17, 2018 (quoting *Huri v.Office of the Chief Judge of the Circuit Ct. of Cook Cty*., 804 F.3d 826, 833 (7th Cir. 2015)).

Here, Plaintiff alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence supporting that it is plausible that Defendants are covered as an enterprise or individual. In fact, a motion to dismiss based on an employer's claim that they were not engaged in interstate commerce or subject to enterprise coverage under the FLSA should not be successful, as courts have generally found that employers are engaged in interstate commerce even when they do not cross state lines. *Edwards v. Aramark Unif. & Career Apparel, LLC*, No. 14 C 8482 (N.D. Ill. Jan. 19, 2016).

While the Seventh Circuit has never squarely addressed this issue, according to the Department of Labor, regularly engaging in "banking or credit card transactions" remains sufficient to implicate individual coverage under the FLSA. U.S. Dep't of Labor, Opinion Letter (March 5, 1999). Also, other federal courts have relied upon this guidance from the Department of Labor to conclude that regularly processing credit card purchases brings an employee within the FLSA's ambit. *Kim v. Kum Gang, Inc*., No. 12-cv-6344, 2015 U.S. Dist. LEXIS 39095, 2015 WL 2222438, at *22 n.48 (S.D.N.Y. Mar. 19, 2015).

Here, since it is plausible that Defendants use credit cards to sells their good it is "enough

facts to raise a reasonable expectation that discovery will reveal evidence" supporting Plaintiff's

claim. Accordingly, this Court should deny Defendants' Motion to Dismiss Count V and VI.

**E.    THIS COURT SHOULD EXERCISE PENDENT AND SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S IHRA CLAIMS BECAUSE IT DOES HAVE JURISDICTION OVER PLAINTIFF'S TITLE VII AND FLSA CLAIMS.**

Plaintiff alleges Count III and IV have pendent jurisdiction and supplementary jurisdiction

through 28 U.S.C. § 1367". (Dkt. No. 17 at ¶6). As argued above, this Court does not lack

jurisdiction over Plaintiff's Title VII and FLSA claims. Therefore, 28 U.S.C. § 1367(a) gives this

Court supplemental jurisdiction over Plaintiff's IHRA claims

Accordingly, this Court should exercise pendent and supplemental jurisdiction over

Plaintiff's IHRA claims and deny Defendants' motion to dismiss Counts III and IV.

**F.    PLAINTIFF IS ENTITLED TO PURSUE HER CLAIM FOR SEXUAL HARASSMENT UNDER TITLE VII BECAUSE THE SEXUAL HARASSMENT WAS SO FREQUENT THAT IT WAS SEVERE AND PERVASIVE AND DEFENDANTS WERE IMPUTED OF LIABILITY BECAUSE PLAINTIFF REPORTED THE SEXUAL HARASSMENT TO THE OWNER AND HE DID NOTHING.**

Defendants' arguments to dismiss Count I and III (Sexual Harassment) are based on

factual disputes and not proper at the motion to dismiss stage.

First, Plaintiff sufficiently pled that she was subjected to severe and pervasive sexual

harassment because the frequency of which it happened (Dkt. No. 17 at ¶33-48). An objectively

hostile environment is one that a reasonable person would find hostile or abusive. *Harris*, 510

U.S. at 21. The following facts detail this hostile and abusive sexual harassment:

- Eric began to sexually harass Plaintiff from the moment they first met.

- Eric followed Plaintiff around everywhere she went, and would look Plaintiff up and down and say, "Let me take you out", "Your ass is so fat", "Let me take you out drinking".

- These sexual advances by Eric made Plaintiff extremely uncomfortable and unsafe

at work.

- On or about September 7, 2022, Plaintiff reported the unwanted sexual harassment by Eric, and how unsafe Eric made Plaintiff feel at work, especially when Plaintiff was left alone with Eric at the store.

- Again, Owner Darrell did not investigate or take any remedial measures to stop Plaintiff from being subjected to sexual harassment.

- Due to Owner Darrell's failure to act, the sexual harassment continued and became more severe.

- On or about October 1, 2022, Eric came into work intoxicated, and began sexually harassing Plaintiff by making sexual advances towards Plaintiff and making sexual comments to Plaintiff.

- Eric walked up to Plaintiff and got close to Plaintiff's face and said, "Your pussy is so fat", and then he tried to touch Plaintiff's body.

- Plaintiff immediately told Owner Darrell.

- Plaintiff conveyed to him that Eric refuses to leave her alone, and Plaintiff seriously feared for her safety.

- Darrell sent Eric home because he was drunk but failed to address that he was sexual harassing me.

- Later that night Eric came back up to the store at about 1:00 A.M. when Plaintiff was closing.

- Eric was violently banging on the door and shouting at Plaintiff to let him in.

- Plaintiff was terrified and called security.

- Once Security arrived, Plaintiff asked that they walk her to her car because she did not feel safe.

(Dkt. No. 17 at ¶33-47).

In determining whether a plaintiff has met this standard, courts must consider all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. at 23. As the Supreme Court

recently cautioned, "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Here, Plaintiff pled that she was subjected to sexual harassment so much that she reported to Mr. Deshazer multiple times. (Dkt. No. 17 at ¶33-47). The harassment was on a near daily basis. (Dkt. No. 17 at ¶33-47). Therefore, the frequency of sexual harassment makes it plausible that it was severe and pervasive. The examples of the sexual harassment were not an exhaustive list but also are enough to satisfy the *Iqbal* pleading standard.

Second, Plaintiff sufficiently pled that the employer was imputed for liability because she reported the sexual harassment to Mr. Deshazer multiple times but he failed to investigate or take remedial measures. (Dkt. No. 17 at ¶33-47). This lack of action imputes employer liability. *Rhodes*, 359 F.3d at 506 (quoting *Hostetler v. Quality Dining, Inc*., 218 F.3d 798, 809 (7th Cir. 2000)).

Thus, Plaintiff alleged enough facts to raise a reasonable expectation that discovery will reveal evidence supporting Plaintiff sexual harassment claims. Accordingly, this Court should deny Defendants' Motion to Dismiss Count I and IV.

## G. PLAINTIFF'S ADVERSE EMPLOYMENT ACTION OF BEING CONSTRUVELY DISCHARGED IS SUPPORTED BY THE WELL PLEADED FACTS.

"A constructive discharge constitutes an adverse employment action." *Chapin v. Fort-Rohr Motors, Inc*., 621 F.3d 673, 679 (7th Cir. 2010) (citing *Pa. State Police v. Suders*, 542 U.S. 129, 147, 159 L. Ed. 2d 204 (2004)). "A constructive discharge is a form of an adverse employment action and Defendant misunderstands that.

To prevail on a constructive discharge claim, Plaintiff must show that "quitting was the only way [she] could extricate herself from the intolerable conditions." *Gawley v. Indiana Univ*.,

10

276 F.3d 301, 315 (7th Cir. 2001). In doing so, Plaintiff is required to "demonstrate a work environment that is even more egregious than that needed for a hostile work environment" and one that "from the standpoint of a reasonable employee, had become unbearable." *Thompson v. Mem'l Hosp. of Carbondale*, 625 F.3d 394, 401–02 (7th Cir. 2010).

Here, Plaintiff stated in her amended complaint that "owner Darrell allowed Eric back to work and Plaintiff in fear of her safety had the option to be subject to sexual harassment and sexual assault or be constructively discharged because the Owner failed to take any remedial measures to ensure my safety and a workplace free from sexual harassment.. Therefore, due to Owner Darrell failure to act, the conditions at the job became some intolerable that Plaintiff was constructively discharged." (Dkt. No. 17 at ¶48-49).

Thus, Plaintiff alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence supporting Plaintiff claims of sex discrimination. Accordingly, this Court should deny Defendants' Motion to Dismiss Count II and III.

## H. DEFENDANTS' FLSA DISMISSAL ARGUMENTS ARE FACTUAL DEFENSES AND NOT PROPER TO SUPPORT A MOTION TO DISMISS.

Again, several cases from the Seventh Circuit and district courts within the Seventh Circuit suggest that it is improper to grant a motion to dismiss solely on the basis that the plaintiff is an independent contractor because whether someone is an independent contractor is fact-bound and cannot be resolved from the face of the complaint. The analysis is the same for Title VII and FLSA claims.

"Status as an 'employee' for purposes of the FLSA and Title VII depends on the totality of the circumstances rather than on any technical label." *Brown v. Club Assist Road Service U.S., Inc.*, No. 12-CV-5710, 2013 U.S. Dist. LEXIS 133990, 2013 WL 5304100, at *5 (N.D. Ill. Sept. 19, 2013). Whether individuals are independent contractors or employees turns on whether they

"as a matter of economic reality[,] are dependent upon the business to which they render service." *Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987). Six elements are relevant to this determination:

> (1) The nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; [**14] (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business.

> *Id*. at 1535.

Therefore, that is why in *Deschepper v. Midwest Wine & Spirits, Inc*., the district court denied a motion to dismiss based on the employer's contention that the plaintiffs were independent contractors. Furthermore, the court found that the question of whether someone is an independent contractor is fact-bound and cannot be resolved from the face of the complaint. *Deschepper v. Midwest Wine & Spirits, Inc*., 84 F. Supp. 3d 767, 776. In *Flannery v. Recording Indus. Ass'n of Am*., the Seventh Circuit reversed a district court's dismissal of a plaintiff's claims, in part because the district court erred in finding that the plaintiff's retaliation claims were not actionable because they related to an independent contractor relationship. *Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 643.

Here, at the motion to dismiss stage, the allegations laid out in paragraphs 20-26 of Plaintiff's complaint relate to all six elements of the economic realities test. As a result, Plaintiff has satisfied the *Iqbal* standard and the question of whether someone is an independent contractor is fact-bound and cannot be resolved from the face of the complaint.

## IV.  **CONCLUSION**

Plaintiff respectfully requests this Court to deny Defendants' Motion to Dismiss in its entirety.

Dated this 22nd day of September, 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7632
Fax (630) 575 - 8188
E-mail: ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of September 2023, a true and correct copy foregoing has been provided electronically via CM/ECF, electronic mail and/or via U.S. mail to all Parties of record.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**