IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMIKA DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-01793 |
| | ) | |
| v. | ) | Honorable Judge Nancy L. Maldonado |
| | ) | |
| SWEET HONEY TEA, INC., and | ) | Magistrate Judge Jeffery Cummings |
| DARRELL DESHAZER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE DEFEDANTS' AFFIDAVIT OFFERED
IN CONNECTION WITH THEIR MOTION TO DISMISS**

NOW COME Defendants, SWEET HONEY TEA, INC. ("Sweet Honey") and DARRELL DESHAZER ("DeShazer"), by and through their attorneys, OTUBUSIN & OTUBUSIN, in response to Plaintiff's Motion to Strike Defendants' Affidavit Offered in Connection with Thier [sic] Motion to Dismiss ("Plaintiff's Motion to Strike") [Dkt. No. 30], state as follows:

Plaintiff's Motion to Strike inaccurately depicts Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Defendants' Motion to Dismiss") [Dkt. No. 25] as *only* a Motion to Dismiss for failure to state a claim upon which relief can be pursuant to Fed. R. Civ. P. 12(b)(6). However, Plaintiff's Motion to Strike conveniently fails to mention that Defendants' Motion to Dismiss also argues lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

In reviewing a Rule 12(b)(1) motion, the court may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996) ("Evidentiary materials are properly considered at dismissal stage when question raised is one of subject matter jurisdiction."); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) ("The district court

may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (internal quotation omitted)); *Bowyer v. U.S. Dept. of Air Force*, 875 F.2d 632, 635 (7th Cir.1989) ("District courts properly may look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists."); *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.")

In her First Amended Complaint [Dkt. No. 17], Plaintiff asserts false allegations for the sole purpose of misleading this Court into concluding it has jurisdiction. For this Court to have subject matter jurisdiction, Defendant must have "*fifteen or more employees for each working day*" 42 U.S.C. § 2000e(b) (emphasis added). Plaintiff Complaint asserts "**For the purposes of establishing the required number of employees**, Defendant operates multiple Sweet Honey Tea locations, which in total has more than 15 employees." [Dkt. No. 17 at ¶16] (emphasis added).

Plaintiff cannot "for the purposes of establishing the required number of employees" allege Defendants operate multiple Sweet Honey Tea locations in order to meet the jurisdictional requirement when Plaintiff knows that this statement is absolutely false. Defendants have *never* operated more than one (1) Sweet Honey Tea location. Further, Defendants have *never* employed the necessary number of employees to meet the jurisdictional minimum requirement.

The Court is "not bound to accept as true the allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the jurisdiction of the district court to proceed with the action." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783

(7th Cir. 1979). In cases where the jurisdiction of the court is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Land v. Dollar*, 330 U.S. 731, 735 (1947).

It is Plaintiff's burden to support her allegation that this Court has jurisdiction and that "Defendant operates multiple Sweet Honey Tea locations, which in total has more than 15 employees" by competent proof. Accordingly, Defendants properly submitted evidence [Dkt. No. 25-1] for this Court to consider with their Motion to Dismiss to prove that subject matter jurisdiction does not exist pursuant to Fed. R. Civ. P. 12(b)(1).

WHEREFORE, for the reasons stated above, Defendants, Sweet Honey Tea, Inc. and Darrell DeShazer, request that this Honorable Court deny Plaintiff's Motion to Strike Defendants' Affidavit Offered in Connection with Thier [sic] Motion to Dismiss and for any further relief that this Court deems just and proper.

Respectfully submitted,

**SWEET HONEY TEA, INC. and DARRELL DESHAZER**

By: _____/s/ Cozette A. Otubusin_____
One of Their Attorneys

Date: October 13, 2023

Cozette A. Otubusin, Esq.
Paul O. Otubusin, Esq.
**OTUBUSIN & OTUBUSIN**
77 West Washington Street
Suite 1204
Chicago, Illinois  60602
cozette@otubusinlaw.com
drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)

## CERTIFICATE OF SERVICE

I, Carmen A. Otubusin, a paralegal, certify under penalties of perjury as provided by law pursuant to Rules 5(b) and (e) of the Federal Rules of Civil Procedure, that on October 13, 2023, the foregoing ***Defendants' Joint Response to Plaintiff's Motion to Strike Defendants' Affidavit Offered in Connection with their Motion to Dismiss*** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's ECM/CF Electronic Filing System, reflecting service upon all parties of record.

Respectfully submitted,

**SWEET HONEY TEA, INC. and DARRELL DESHAZER**

By: /s/ Carmen A. Otubusin
Carmen A. Otubusin

Date: October 13, 2023

Cozette A. Otubusin, Esq.
Paul O. Otubusin, Esq.
**OTUBUSIN & OTUBUSIN**
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
cozette@otubusinlaw.com
drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)