IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMIKA DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-01793 |
| | ) | |
| v. | ) | Honorable Judge Nancy L. Maldonado |
| | ) | |
| SWEET HONEY TEA, INC., and | ) | Magistrate Judge Jeffery Cummings |
| DARRELL DESHAZER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME Defendants, SWEET HONEY TEA, INC. ("Sweet Honey") and DARRELL DESHAZER ("DeShazer"), by and through their attorneys, OTUBUSIN & OTUBUSIN, for their Joint Reply Memorandum in Support of their Motion to Dismiss Plaintiff Tamika Dalton's ("Dalton") First Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), states as follows:

### INTRODUCTION

Plaintiff is a former independent contractor hired by Defendants. Plaintiff brings this lawsuit arguing that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") by harassing her on the basis of her sex (Count I). Plaintiff also contends that Defendants violated Title VII by discriminating against her based on her sex resulting in her being constructively discharged (Count II). Plaintiff additionally alleges that Defendant violated the Illinois Human Rights Act ("IHRA") by discriminating against her based on her sex resulting in her being constructively discharged (Count III). Plaintiff also asserts that Defendant violated IHRA by harassing her on the basis of her sex (Count IV). Plaintiff further argues Defendant violated the

Fair Labor Standards Act ("FLSA") by misclassifying her as an independent contractor (Count V). Plaintiff finally contends Defendants violated FLSA by failing to pay her minimum wages (Count VI).

Defendants moved to dismiss Plaintiff's Complaint in its entirety and argued that this Court lacks jurisdiction over Plaintiff's Title VII and FLSA claims and should decline to excise supplemental jurisdiction over Plaintiff's IHRA claims because: (1) Defendants are not covered by Title VII, (2) Plaintiff is not a protected employee under Title VII, (3) Defendants are not covered by FLSA, and (3) Plaintiff is not protected by FLSA. Assuming, *arguendo*, jurisdiction is proper, all counts fail to state actionable claims as a matter of law. Plaintiff's response included several assertions, but none of them managed to prevail over the arguments raised by Defendants.

## ARGUMENT

Plaintiff's Opposition to Defendants' Joint Motion to Dismiss ("Plaintiff's Opposition") argues that Defendants disregarded the standard of review for a motion to dismiss pursuant to Rule 12(b)(6) and raise factual issues not properly suited for a motion to dismiss. [Dkt. No. 29]. Interestingly, Plaintiff's Opposition conveniently fails to mention Defendants' Motion to Dismiss also argues lack of jurisdiction pursuant to Rule 12(b)(1) and factual questions concerning jurisdiction are properly suited at this dismissal stage.

**I. THIS COURT CAN LOOK BEYOND THE JURISDICTIONAL ALLEGATIONS OF PLAINTIFF'S COMPLAINT AND CONSIDER DEFENDANTS' ARGUMENTS AND SUBMITTED EVIDENTIARY MATERIALS AT THIS DISMISSAL STAGE BECAUSE DEFENDANTS ARE ARGUING LACK OF SUBJECT MATTER JURISDICTION.**

Plaintiff Opposition primary argument suggests that Defendants' Motion to Dismiss consists of mere factual arguments that are better suited for summary judgment and supports this

proposition with these cited cases: *Carlson*[1] and *Richardson*[2]. [Dkt. 29, pp. 3-4]. However, those two cases concern the sufficiency of claims under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Here, unlike *Carlson* and *Richardson*, Defendants are moving to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) predicated on lack of jurisdiction.

Plaintiff fails to realize Defendants' Rule 12(b)(1) arguments are attacking the sufficiency of the complaint and not the merits of the case. Rule 12(b)(1) requires dismissal of claims where a federal court lacks subject matter jurisdiction. A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. See *Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

In reviewing a Rule 12(b)(1) motion, the court may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996) ("Evidentiary materials are properly considered at dismissal stage when question raised is one of subject matter jurisdiction."); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (internal quotation omitted)); *Bowyer v. U.S. Dept. of Air Force*, 875 F.2d 632, 635 (7th Cir.1989) ("District courts properly may look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists."); *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).

---

[1] See *Carlson v. CSX Transportation, Inc.,* 758 F.3d 819, 827 (7th Cir. 2014) ("We assess Carlson's claims under the proper standard for Rule 12(b)(6) determinations.")
[2] See *Richardson v. Swift Transp. Co. of Ariz., LLC*, No. 17 C 4046, 4 (N.D. Ill. Apr. 17, 2018) ("Swift moves to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.")

("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.")

Accordingly, this Court can look beyond the jurisdictional allegations of Plaintiff's Complaint and consider Defendants' arguments and submitted evidentiary materials at this dismissal stage because Defendants are arguing lack of subject matter jurisdiction.

### A. Because Defendants are arguing lack of subject matter jurisdiction, this Court is not bound to accept as true Plaintiff's allegation that Defendant operates multiple Sweet Honey Tea locations to establish the required number of employees and jurisdiction under Title VII.

In her First Amended Complaint, Plaintiff asserts false allegations for the sole purpose of misleading this Court into concluding it has jurisdiction. For this Court to have subject matter jurisdiction, Defendant must have "*fifteen or more employees for each working day*" 42 U.S.C. § 2000e(b) (emphasis added). Plaintiff Complaint asserts "**For the purposes of establishing the required number of employees**, Defendant operates multiple Sweet Honey Tea locations, which in total has more than 15 employees." [Dkt. No. 17 at ¶16] (emphasis added).

Plaintiff cannot "for the purposes of establishing the required number of employees" allege Defendants operate multiple Sweet Honey Tea locations in order to meet the jurisdictional requirement when Plaintiff is fully aware of the manifestly erroneous nature of this assertion. Defendants have *never* operated more than one (1) Sweet Honey Tea location. *See* [Dkt. No. 25-1, Affidavit of Darrell DeShazer]. Further, Defendants have *never* employed the necessary number of employees to meet the jurisdictional minimum requirement. *See* [Dkt. No. 25-1].

The Court is "not bound to accept as true the allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the jurisdiction of the district court to proceed with the action." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783

(7th Cir. 1979). In cases where the jurisdiction of the court is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Land v. Dollar*, 330 U.S. 731, 735 (1947).

It is Plaintiff's burden to support her allegation that this Court has jurisdiction and that "Defendant operates multiple Sweet Honey Tea locations, which in total has more than 15 employees" by competent proof. The purpose of these minimums is to facilitate the entry of small businesses into the marketplace by sparing them "from the potentially crushing expense of mastering the intricacies of the antidiscrimination laws, establishing procedures to assure compliance, and defending against suits when efforts at compliance fail." *Papa v. Katy Indus., Inc.,* 166 F.3d 937, 940 (7th Cir.1999). Nonetheless, Plaintiff is unable to substantiate her claim, as it has been established that there has consistently been only one Sweet Honey Tea location at the Ford City Mall. *See* [Dkt. No. 25-1].

Plaintiff argues the question of the number of employees required under Title VII is not a jurisdictional issue relying heavily on *Arbaugh* to support this proposition. [Dkt. 29 at 4]. However, the Court in *Arbaugh* opined:

> "[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U. S. 574, 583 (1999). Nothing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met.
> Second, in some instances, **if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own**. See 5B C. Wright & A. Miller, Federal Practice and Procedure §1350, pp. 243–249 (3d ed. 2004); 2 Moore §12.30[3], pp. 12–37 to 12–38.
> Third, **when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety**."

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 502 (2006) (emphasis added).

Here, subject-matter jurisdiction is being contested and this Court is authorized to review the evidence to resolve the jurisdictional dispute. This Court is not bound to accept as true Plaintiff's allegation that Defendant operates multiple Sweet Honey Tea locations to establish the required number of employees and jurisdiction under Title VII – particularly in light of the complete lack of veracity in that statement. Accordingly, this Court can look beyond the jurisdictional allegations of Plaintiff's First Amended Complaint and consider Defendants' arguments at this dismissal stage because Defendants are arguing lack of subject matter jurisdiction.

> **B.** **Because Defendants are arguing lack of subject matter jurisdiction, this Court is not bound to accept as true Plaintiff's allegation she is an independent contractor to establish jurisdiction under Title VII and FLSA.**

Plaintiff's Opposition argues "it is improper to grant a motion to dismiss solely on the basis that the plaintiff is an independent contractor because whether someone is an independent contractor is fact-bound and cannot be resolved from the face of the complaint" [Dkt. 29 at 5]. Plaintiff supports this assertion by referencing two cases *Deschepper*[3] and *Flannery*[4]. However, those two cases concern the sufficiency of claims under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Here, unlike *Deschepper* and *Flannery*, Defendants are moving to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) predicated on lack of jurisdiction. Hence, Plaintiff's argument is inapplicable.

It is well-recognized that Title VII prohibits employment discrimination based on race, color, religion, sex or national origin. But in order to state a claim, Plaintiff must be an employee

---

[3] See *Deschepper v. Midwest Wine & Spirits, Inc.,* 84 F. Supp. 3d 767 (N.D. Ill. 2015) ("MWW, Mr. and Mrs. Gargano, Direct Mail, and KIG's motion to dismiss the second amended complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) is before the court.")

[4] See *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632 (7th Cir. 2004) ("RIAA filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).")

within the meaning of Title VII. Independent contractors are not protected by Title VII. *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001). Similarly, only covered employees are entitled to protections under FLSA. *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987). Defendants assert that Title VII and FLSA do not extend protection to Plaintiff, and consequently, this court lacks jurisdiction. If subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. See *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 502.

Plaintiff Opposition argues that "the allegations laid out in paragraphs 20-26 of Plaintiff's complaint" satisfy her classification as an employee and the *Iqbal* standard. [Dkt. 29 at 6]. Contrary to this assertion, the statements in Plaintiff's Complaint attempting to classify her as an employee should be disregarded by this Court as conclusory under *Twombly* and *Iqbal*, as it relies solely on boilerplate labels and conclusions. See *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff has not asserted any facts suggesting that she was an employee. To be candid, many of the Plaintiff's allegations lack credible substantiation. Plaintiff's specific job was not an "integral part of the business of Defendant". [Dkt. No. 17 at ¶22]. DeShazer has been able to successfully run Sweet Honey Tea without Plaintiff considering she abruptly resigned from her position without giving him any notice. Plaintiff did not exhibit economic dependence on the Defendants, as she promptly resigned from her job at Sweet Honey Tea. [Dkt. No. 17 at ¶¶26(e)]. Furthermore, the Plaintiff maintained additional income streams.

Plaintiff did not "work established hours and schedules set and controlled by Defendants" [Dkt. No. 17 at ¶25]. DeShazer does not set work schedules nor require Plaintiff to report to work and leave work by specified times. [Dkt. No. 17 at ¶¶26(m)(iii), 26(m)(v)]. Plaintiff was free to choose the days and hours she worked. [Dkt. 25-1 at ¶20]. DeShazer did not "set schedules" or

pay Plaintiff through "a 'piece rate' pay plan" [Dkt. No. 17 at ¶¶26(f), 26(i)]. DeShazer did not require Plaintiff to wear a specific uniform when working. [Dkt. No. 17 at ¶¶26(m)(viii)]. Sweet Honey Tea does not have a uniform. [Dkt. 25-1 at ¶14].

It is clear from the above that Plaintiff's Complaint is a recitation of legal elements that contains no personal facts in an attempt to satisfy legal requirements. As such, paragraphs 20-26 should be disregarded by this Court as conclusory. Only employees can claim legal protection under Title VII and FLSA. Because Defendants are arguing lack of subject matter jurisdiction, this Court is not bound to accept as true Plaintiff's allegation she is an independent contractor to establish jurisdiction under Title VII and FLSA. Accordingly, this Court can look beyond the jurisdictional allegations of Plaintiff's First Amended Complaint and consider Defendants' argument regarding Plaintiff's independent contractor status at this dismissal stage because Defendants are arguing lack of subject matter jurisdiction.

In opposing a Rule 12(b)(6) motion to dismiss, a plaintiff may elaborate on her allegations, as long as the elaborations are consistent with the pleadings. See *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Despite the opportunity presented in her Opposition, Plaintiff did not seize the chance to allege enough facts or clarification for her contradictory and baseless claims.

    **C.**     **Because Defendants are arguing lack of subject matter jurisdiction, this Court is not bound to accept as true Plaintiff's allegation that Sweet Honey Tea is covered by FLSA.**

Plaintiff's Opposition argues "Defendants' argument that they are not subject to FLSA coverage under an enterprise liability or individual liability, again, are factual in nature and not attacks on the pleading". [Dkt. 29 at 7]. Again, Plaintiff fails to realize that Defendants' Rule 12(b)(1) arguments are attacking the sufficiency of the complaint and not the merits of the case.

Plaintiff supports her assertion by referencing two cases: *Richardson*[5], and *Huri*[6]. However, those cases concern the sufficiency of claims under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Here, unlike *Richardson* and *Huri*, Defendants are moving to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) predicated on lack of jurisdiction. Hence, Plaintiff's argument is inapplicable.

For this Court to have jurisdiction under FLSA, Plaintiff must prove that the Act covered the enterprise within which she worked (known as "enterprise coverage") or her individual job (known as "individual coverage"). *Tony & Susan Alamo Found v. Sec'y of Labor*, 471 U.S. 290, 295 c. 8 (1985). Plaintiff cannot prove either coverage.

Plaintiff's Opposition states she "alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence supporting that it is plausible that Defendants are covered as an enterprise or individual". [Dkt. 29 at 7]. However, Plaintiff's Complaint alleges no such facts. If subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. See *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 502. Because Defendants are arguing lack of subject matter jurisdiction, this Court is not bound to accept as true Plaintiff's allegation that Sweet Honey Tea is covered by FLSA.

Accordingly, this Court can look beyond the jurisdictional allegations of Plaintiff's Complaint and consider Defendants' argument of not being subject to enterprise coverage or individual coverage at this dismissal stage because Defendants are arguing lack of subject matter jurisdiction.

---

[5] See *Richardson v. Swift Transp. Co. of Ariz., LLC*, No. 17 C 4046, 4 (N.D. Ill. Apr. 17, 2018) ("Swift moves to dismiss plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.")

[6] See *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.,* 804 F.3d 826, 829, 832 (7th Cir. 2015) ("The district court disposed of the case at the motion to dismiss stage, concluding Huri failed to state a claim upon which relief could be granted ... To survive a motion to dismiss under Rule 12(b)(6), the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).")

**II. THIS COURT SHOULD DECLINE TO EXERCISE PENDENT AND SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S IHRA CLAIMS BECAUSE IT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S TITLE VII AND FLSA CLAIMS.**

Plaintiff's Opposition argues that this Court does not lack jurisdiction over her Title VII and FLSA claims and that this Court should exercise pendent and supplemental jurisdiction over her IHRA claims [Dkt. No. 29, p. 8].

As Defendants argued above, this Court lacks jurisdiction over Plaintiff's Title VII and FLSA claims. While 28 U.S.C. § 1367(a) gives this court supplemental jurisdiction over Plaintiff's IHRA claims, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994). *See also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir.1999); *see Sharp Electronics Corp. v. Metropolitan Life Ins. Co.,* 578 F.3d 505, 514 (7th Cir. 2009). Accordingly, this court should decline to exercise pendent and supplemental jurisdiction over Plaintiff's IHRA claims.

District courts may retain supplemental jurisdiction, however, if factors such as judicial economy, convenience, fairness, and comity support it. *Wright,* 29 F.3d at 1252. *See also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-173 (1997). Here, none of the above factors support this Court's retention of supplemental jurisdiction over Plaintiff's remaining IHRA claims. Judicial economy would not be served because few judicial resources have been committed to this action since its initial filing on March 22, 2023. There are no convenience concerns that militate toward retaining jurisdiction over the state law claims at this early stage in the proceedings. Finally, fairness and comity would not be served because the remaining claims are rooted firmly in Illinois law, and the state court would be better suited to decide them. Accordingly, under 28 U.S.C. §

1367(c), this court should decline to exercise supplemental jurisdiction over Plaintiff's IHRA claims.

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE SHE FAILS TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.

When evaluating the sufficiency of a complaint on a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts therein, and draws all reasonable inferences in plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). It "does not need detailed factual allegations" but must plausibly suggest that she is entitled to relief, "raising that possibility above a speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

#### A. There is no basis to impute liability to Defendants under Title VII.

Plaintiff's Opposition alleges:

"Plaintiff sufficiently pled that the employer was imputed for liability because she reported the sexual harassment to Mr. Deshazer multiple times but he failed to investigate or take remedial measures. (Dkt. No. 17 at ¶33-47). This lack of action imputes employer liability. *Rhodes*, 359 F.3d at 506 (quoting *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 809 (7th Cir. 2000))."

[Dkt. 29 at 10].

Whether there is a basis for employer liability depends on whether the alleged harassment was perpetrated by supervisors or coworkers. See *Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021, 1029 (7th Cir. 2004); see generally *Faragher*, 524 U.S. at 807–808, and *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 764–65 (1998).

The core focus of the Plaintiff's Complaint revolves around the purported sexual harassment involving an individual identified as Eric. Plaintiff alleges DeShazer allowed Eric "to help out in exchange for food." [Dkt. No. 17 at ¶32]. However, Eric is a known drifting homeless man who goes from merchant to merchant in Ford City Mall. Ultimately, by asserting Defendants allowed Eric to "help out in exchange for food" *Id.,* Plaintiff has shown Eric was not an employee and there is no basis for imputing liability to Defendants.

*Rhodes*, cited by Plaintiff, opined that the "standard for employer liability turns on whether the alleged harasser was the plaintiff's supervisor, instead of a mere co-worker" *Rhodes v. Illinois Dept. of Transp.*, 359 F.3d 498, 505 (7th Cir. 2004). Eric was neither Plainitff's supervisor nor co-worker. Contrary to Plaintiff's representation in her Opposition, *Rhodes* did not establish that a lack of action imputes employer liability for non-employees such as Eric. Based on all the foregoing, it is clear there is no basis Defendants should be imputed liability for Eric, a non-employee allowed "to help out in exchange for food." [Dkt. No. 17 at ¶32].

> **B.** **Plaintiff's allegations do not meet the requisite level of severity to constitute actionable sexual harassment and is not the type of conduct that would justify a reasonable person to feel they had no other choice but to quit. Therefore, Plaintiff has not pled facts sufficient to show that she experienced an adverse employment action and was constructively discharged.**

Plaintiff's Opposition alleges her adverse employment action of being constructively discharged is supported by the well pleaded facts. [Dkt. 29 at 10]. However, to prevail on a constructive discharge claim, Plaintiff must show that "quitting was the only way [she] could extricate herself from the intolerable conditions." *Gawley v. Indiana Univ.*, 276 F.3d 301, 315 (7th Cir. 2001). In doing so, Plaintiff is required to "demonstrate a work environment that is even more egregious than that needed for a hostile work environment" and one that "from the standpoint of a reasonable employee, had become unbearable." *Thompson v. Mem'l Hosp. of Carbondale*, 625

F.3d 394, 401–02 (7th Cir. 2010). "[I]t is difficult for a plaintiff to show constructive discharge." *Cooper–Schut v. Visteon Automotive Sys.,* 361 F.3d 421, 428 (7th Cir. 2004). Plaintiff cannot meet this high standard of showing that her work conditions objectively were unbearable.

At the outset, the limited nature of Plaintiff's allegations restricts the viability of her legal claims. Constructive discharge typically is found only in cases involving threats of physical harm or truly outrageous emotional abuse. *See, e.g., Taylor v. W. & S. Life Ins. Co.,* 966 F.2d 1188, 1191 (7th Cir. 1992) (constructive discharge where boss held a pistol to plaintiff's head); *Brooms v. Regal Tube Co.*, 881 F.2d 412, 417 (7th Cir. 1989) (human resource manager grabbed plaintiff and threatened to kill her); *Porter v. Erie Foods Int'l, Inc.,* 576 F.3d 629, 640 (7th Cir. 2009) (presence of multiple nooses in the workplace and implied threats of physical violence). Eric's harassment, even if highly offensive and extremely pervasive, simply is not the type of conduct that would justify a reasonable person to feel they had no other choice but to quit.

Although a constructive discharge may also occur when "an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated." *Chapin v. Fort–Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010). Plaintiff has made no showing that DeShazer ever communicated to her that she would be fired and there is no evidence to suggest that this was the case. Plaintiff's constructive discharge claim is based upon the harassing conduct by Eric, a known homeless man who Defendants allow "to help out in exchange for food." [Dkt. No. 17 at ¶32]. However, even if all these factual disputes are considered in the light most favorable to Plaintiff, she has not presented sufficient evidence upon which a reasonable jury could find that the harassment made her working conditions so intolerable that a reasonable person would be forced to resign. Thus, Plaintiff's has not pled facts sufficient to show she experienced an adverse employment action and was constructively discharged.

## CONCLUSION

Plaintiff's Opposition inaccurately depicts Defendants' Motion to Dismiss as *only* a Motion to Dismiss for failure to state a claim upon which relief can be pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, Plaintiff's Motion to Strike conveniently fails to mention that Defendants' Motion to Dismiss also argues lack of jurisdiction pursuant Rule 12(b)(1). Consistent with case law and statute, this Court may look beyond Plaintiff's Complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction truly exists.

Plaintiff attempts to assert claims under Title VII, IHRA, and FLSA but riddles her Complaint with false facts, unrelated legal buzzwords, boilerplate labels and requests for relief to which she is not entitled. All claims are not justiciable. As such, all purported counts in this lawsuit, should be dismissed with prejudice.

WHEREFORE, for the reasons stated above, Defendants, Sweet Honey Tea, Inc. and Darrell DeShazer, request that this Honorable Court grant Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint and enter an Order dismissing Plaintiff's First Amended Complaint in its entirety, and for any further relief that this Court deems just and proper.

Respectfully submitted,

**SWEET HONEY TEA, INC. and**
**DARRELL DESHAZER**


By: _____/s/ Cozette A. Otubusin_____
           One of Their Attorneys

| | |
|---|---|
| Date: October 13, 2023 | Cozette A. Otubusin, Esq.<br>Paul O. Otubusin, Esq.<br>**OTUBUSIN & OTUBUSIN**<br>77 West Washington Street<br>Suite 1204<br>Chicago, Illinois  60602<br>cozette@otubusinlaw.com<br>drotubusin@otubusinlaw.com<br>(312) 251-1480<br>(312) 251-1481 (Fax) |

## CERTIFICATE OF SERVICE

      I, Carmen A. Otubusin, a paralegal, certify under penalties of perjury as provided by law pursuant to Rules 5(b) and (e) of the Federal Rules of Civil Procedure, that on October 13, 2023, the foregoing ***Defendants' Joint Response to Plaintiff's Motion to Strike Defendants' Affidavit Offered in Connection with their Motion to Dismiss*** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's ECM/CF Electronic Filing System, reflecting service upon all parties of record.

      Respectfully submitted,

**SWEET HONEY TEA, INC. and**
**DARRELL DESHAZER**


By:     /s/ Carmen A. Otubusin
        Carmen A. Otubusin

Date: October 13, 2023

Cozette A. Otubusin, Esq.
Paul O. Otubusin, Esq.
**OTUBUSIN & OTUBUSIN**
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
cozette@otubusinlaw.com
drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)