**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Tamika Dalton, <br><br> Plaintiff, <br><br> v. <br><br> Sweet Honey Tea, Inc., and Darrell DeShazer, <br><br> Defendants. | No. 23 CV 01793 <br><br> Honorable Nancy L. Maldonado |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tamika Dalton brings this lawsuit against Defendants Sweet Honey Tea, Inc., and Darrell DeShazer (collectively, "Defendants") for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Dalton alleges that Defendants violated Title VII and the IHRA by subjecting her to unlawful sexual harassment and sex-based discrimination, and violated the FLSA by misclassifying Dalton as an independent contractor and failing to pay her, and similarly situated employees, the requisite minimum wage. Defendants have moved to dismiss Dalton's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim. (Dkt. 24.)[1] Dalton has separately filed a motion to strike an affidavit that Defendants submitted in support of their motion to dismiss. (Dkt. 30.) For the reasons stated in this Memorandum Opinion and Order, Dalton's motion to strike is granted, and Defendants' motion to dismiss is denied. Defendants shall answer the FAC within 21 days.

---

[1] In citations to the docket, page numbers come from the CM/ECF headers.

**Background**

The Court takes the following factual background from the well-pled allegations in the FAC (Dkt. 17) and assumes the allegations to be true for the purposes of the instant motion. *See Lewert v. P.F. Chang's China Bistro, Inc*., 819 F.3d 963, 966 (7th Cir. 2016).

Dalton was hired as a cashier at Sweet Honey Tea on Cicero Avenue, in Chicago, Illinois, on August 1, 2022. (Dkt. 17, Am. Compl. ¶¶ 11, 20.) Sweet Honey Tea is a corporation doing business in Cook County, Illinois, and Darrell DeShazer is the owner and operator of Sweet Honey Tea on Cicero Avenue. (*Id.* ¶ 11.) As a cashier, Dalton was responsible for taking customer orders, handling money and operating the cash register, pouring flavored tea into bottles, and displaying and marketing tea to customers. (*Id.* ¶ 22.) Dalton generally claims that Defendants misclassified and underpaid her and other Sweet Honey Tea employees in violation of the FLSA, and additionally claims that she was subject to sexual harassment and sex discrimination that went unaddressed by DeShazer and ultimately led to her constructive discharge in violation of Title VII and the IHRA. (*See id.* ¶¶ 24, 28, 30, 48–50.) Dalton alleges that Defendants are employers within the meaning of Title VII, because they operate multiple Sweet Honey Tea locations, which in total have more than 15 employees. (*Id.* ¶ 16.) Dalton further alleges that Defendants are employers for purposes of the FLSA, because Defendants operate an enterprise engaged in commerce or in the production of goods within the meaning of the statute. (*Id.* ¶¶ 18–19.)

With respect to her FLSA wage claims in particular, Dalton alleges that Defendants employed several individuals who had job tasks similar to Dalton's, and that Defendants uniformly misclassified Dalton and these other employees as "independent contractors." (*Id.* ¶¶ 23–24.) Dalton states that Defendants exercised meaningful control of her and other cashiers' jobs, including by controlling their work hours, limiting their access to the premises and customers,

assigning their duties, monitoring and supervising their work, disciplining them for failure to perform, and requiring them to wear uniforms. (*Id*. ¶ 26.) Dalton goes on to assert that she and other cashiers were non-exempt employees under FLSA, but despite their status and Defendants' control over their employment, Defendants misclassified Dalton and other employees and failed to pay the required minimum wage. (*Id*. ¶¶ 27–28.)

With respect to her Title VII and IDHR claims, Dalton alleges that she was subjected to sex discrimination and sexual harassment to the point that she reported it to the owner, DeShazer, multiple times. In particular, Dalton states she was sexually harassed by another employee named Eric—an individual who DeShazer allowed to help out at the store in exchange for food and money—who would follow her around and make unwanted sexual advances, such as commenting on her appearance in a sexually explicit manner and asking her to go out with him, which made Dalton feel extremely uncomfortable and unsafe. (*Id*. ¶¶ 33–36.) Dalton reported the unwanted harassment to DeShazer, but he did not investigate or take any remedial measures. (*Id*. ¶ 37.) Due to DeShazer's failure to act, Dalton alleges that the harassment became even more severe, with Eric making further advances and harassing comments. (*Id*. ¶¶ 38–40.) Dalton points to one incident in particular where Eric came to work intoxicated and began sexually harassing her. (*Id*.) While DeShazer sent Eric home, Dalton states that he failed to address the fact that Eric was harassing her, and Eric returned to the store later that night while Dalton was closing, banging on the door and shouting at her, making her feel unsafe. (*Id*. ¶¶ 43–46.) Dalton claims that DeShazer continued to fail to address the harassment after this incident and let Eric return to work, and that his failure to take any remedial measures caused the conditions of Dalton's job to become intolerable to the point that she suffered adverse employment actions, including constructive discharge and eventually termination. (*Id*. ¶¶ 49–50.)

Dalton initiated this suit on March 22, 2023, bringing claims against Sweet Honey Tea under Title VII and the IHRA. (Dkt 1.) Sweet Honey Tea moved to dismiss, and Dalton responded by amending her complaint. (Dkts. 15, 16.) Dalton filed her FAC on July 10, 2023, repleading her claims under Title VII and the IHRA, adding allegations and claims under the FLSA, and adding DeShazer as a named defendant for all of her claims. (Dkt. 17.)[2] In particular, Dalton brings claims under Title VII and the IHRA for unlawful sexual harassment (Counts I & IV), sex discrimination leading to her constructive discharge (Counts II and III), and claims under the FLSA on behalf of herself and similarly situated employees, for misclassification as an independent contractor (Count V) and failure to pay a minimum wage (Count VI). (Dkt. 17.)

On August 24, 2023, Defendants responded to the FAC with a second motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. (Dkt. 24.) As part of their motion, Defendants included an affidavit from Defendant DeShazer. (Dkt. 25-1.) Dalton responded to the motion to dismiss on September 22, 2023, and also filed a motion to strike DeShazer's affidavit. (Dkt. 30.) Briefing on both motions is now complete, and the Court will address each below.

**Discussion**

**I.      Defendants' Rule 12(b)(1) motion and Dalton's motion to strike DeShazer's affidavit**

The Court will begin with Dalton's motion to strike DeShazer's affidavit, as the motion turns on the threshold question of whether Defendants' motion to dismiss is properly considered

---

[2] Dalton's FAC indicates that her claims under Title VII and the IHRA are brought against both Defendants, *i.e.*, both Sweet Honey Tea and DeShazer. (Dkt. 17 at 9–11.) But Title VII does not allow for individual liability. *See, e.g., Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012). And the IHRA generally only allows for individual liability for agents of an employer that have themselves engaged in sexual harassment. *See Donald v. City of Chicago*, 539 F. Supp. 3d 912, 923 (N.D. Ill. 2021); *Robertson v. Lofton*, No. 13 C 3205, 2013 WL 5796780, at *3 (N.D. Ill. Oct. 25, 2013). Neither party addresses these issues in their briefing. For the purposes of this motion, the Court will construe Dalton's Title VII and IHRA claims as solely brought against Sweet Honey Tea, though the Court will refer to Defendants collectively as the parties have done in their briefing.

under Rule 12(b)(1) or 12(b)(6). As noted above, Defendants have moved for dismissal under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. With respect to Rule 12(b)(1), Defendants argue that the Court lacks subject matter jurisdiction because Defendants do not have the requisite number of employees, or requisite type of business, to be covered employers within the meaning of Title VII or the FLSA. Defendants further argue that Dalton is not covered by either statute because she is an independent contractor. In support of their 12(b)(1) arguments, Defendants rely almost exclusively on DeShazer's affidavit, in which he provides testimony regarding Sweet Honey Tea's number of employees and revenue, Dalton's status as an independent contractor, and the extent of DeShazer's control over employees. (*See* Dkt. 25 at 7–18; Dkt. 25-1.)[3] In response, Dalton moves to strike the DeShazer affidavit, arguing that it is improper for Defendants to cite facts outside of the pleadings, and that the motion to dismiss must be resolved on the face of the allegations in the FAC. (Dkt. 30 at 1.) Defendants counter that the Court may consider facts outside of the pleadings when a party raises a factual challenge to subject matter jurisdiction in a Rule 12(b)(1) motion. (Dkt. 32 at 2–3.)

Defendants are generally correct that the Court may consider factual matters outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See, e.g.*, *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). But contrary to Defendants' repeated assertions in their briefing, the question of whether an employer (or employee) is covered under Title VII is not a matter of subject matter jurisdiction, but rather goes to the merits of a plaintiff's claim for relief. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (holding that "the threshold number of employees for application of Title VII is an element

---

[3] For example, DeShazer contends that there is only one Sweet Honey Tea location in Chicago with four employees and one independent contractor, that Dalton was hired as an independent contractor, that DeShazer did not control any aspect of Dalton's employment, and that Sweet Honey Tea's estimated revenue was less than $200,000 each of the past three years. (Dkt. 25-1 ¶¶ 6–9, 11–13, 15.)

of a plaintiff's claim for relief, not a jurisdictional issue"); *see also Levin v. Madigan*, 697 F. Supp. 2d 958, 963 (N.D. Ill. 2010) (concluding, based on the reasoning of *Arbaugh*, that "the question of Plaintiff's 'employee' status is nonjurisdictional"). The same is true with respect to the FLSA: whether an employer (or employee) falls under the requirements of the FLSA is not a jurisdictional issue. *See Brown v. ABM Indus., Inc.*, No. 15 C 6729, 2015 WL 7731946, at *3 (N.D. Ill. Dec. 1, 2015) ("[C]ourts in this district have concluded that a challenge to whether an employer is a covered enterprise under the FLSA relates to the merits of the claim and not subject matter jurisdiction.") (citing *Torres v. Pallets 4 Less, Inc.*, No. 14 CV 4219, 2015 WL 920782, at *3 (N.D. Ill. Mar. 2, 2015) (recognizing that the statutory requirements under the FLSA for individual or enterprise-based coverage go to the merits of a claim, not the court's subject matter jurisdiction) (collecting cases)).[4]

In short, Defendants' purported subject matter jurisdiction arguments related to their status as covered employers and Dalton's status as a covered employee are not jurisdictional at all, but rather go to the merits of Dalton's claims. Defendants' arguments are thus not properly presented under Rule 12(b)(1), but may be considered only pursuant to Rule 12(b)(6). *See, e.g.*, *Arbaugh*, 546 U.S. at 516; *Torres*, 2015 WL 920782, at *3. This means that the Court's analysis of Defendants' covered status is limited to the sufficiency of the allegations of the FAC on their face, and the Court may not consider materials outside the pleadings such as the DeShazer affidavit, unless it converts the motion to dismiss into one for summary judgment. *See Torres*, 2015 WL 920782, at *3; Fed. R. Civ. P. 12(c). The Court declines to convert the motion to dismiss here to a

---

[4] Although the Seventh Circuit has not spoken on this issue, the Court agrees with the reasoning of the other courts within this District that have concluded that the FLSA's coverage requirements are not jurisdictional, because the FLSA does not expressly identify them as such. *See, e.g.*, *Brown*, 2015 WL 7731946, at *3 (applying the Supreme Court's reasoning in *Arbaugh* with respect to Title VII's covered-employer requirements to the employer requirements in the FLSA).

6

motion for summary judgment, as it would necessitate supplemental briefing on an incomplete record before the parties have completed fact discovery. Dalton's motion to strike is therefore granted. The Court will not consider the DeShazer affidavit, and will proceed to analyze Defendants' motion solely within the framework of Rule 12(b)(6).

## II. Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The Court need not, however, accept conclusory allegations, or allegations that contain only legal conclusions. *See, e.g.*, *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020) (citations omitted). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Apart from their jurisdictional arguments, Defendants separately argue that all of Dalton's claims under Title VII, the IHRA, and the FLSA should be dismissed under Rule 12(b)(6) for failure to state a claim for relief. The Court will address Dalton's claims, and Defendants' arguments, in turn below.

### A. Title VII and the IHRA

Title VII makes it unlawful for an employer to discriminate against employees on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). The IHRA largely tracks Title VII and similarly prohibits employers from sex-based discrimination against employees. 775 ILCS 5/2–102(A); 775 ILCS 5/1–103(Q). Indeed, Illinois state courts apply the same standards to IHRA claims that apply to Title VII claims, and federal district courts analyzing claims under the IHRA may rely on Title VII case authority. *See, e.g.*, *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017); *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016).

In Counts I and IV of the FAC, Dalton brings claims for sexual harassment in violation of Title VII and the IHRA. In Counts II and III, she brings claims under Title VII and the IHRA for sex-based discrimination leading to her constructive discharge. Defendants attack the sufficiency of Dalton's allegations with respect to all of these claims. Because Dalton's claims under Title VII and the IHRA are subject to the same standards, the Court will discuss these claims jointly below under applicable Title VII authority. In so doing, the Court concludes that Dalton's allegations are sufficient to state a claim.

1. *Sexual harassment claims in Counts I and IV*

The prohibition of sex discrimination includes a prohibition against sexual harassment that creates a hostile or abusive work environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986); *see also Martinez v. Nw. Univ.*, 173 F. Supp. 3d 777, 783 (N.D. Ill. 2016) ("The IHRA also prohibits any employer or employee from engaging in sexual harassment.") (citing 775 ILCS 5/2–102(D)). In order to state a claim for a hostile work environment based on sexual harassment, Dalton must allege that "(1) she was subjected to unwelcome harassment, (2) the harassment was based on her sex, (3) the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and create a hostile or abusive atmosphere, and (4) there is

8

a basis for employer liability." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir. 2007). A hostile work environment must be "both objectively and subjectively offensive." *Id.*

Defendants challenge the sufficiency of Dalton's allegations with respect to the third and fourth elements above: whether the alleged harassment by the coworker was sufficiently severe or pervasive, and whether there is a basis for employer liability. (Dkt. 25 at 21–24.) Starting with the third element, Defendants argue that Dalton has failed to allege a subjectively offensive environment, because in spite of her claims that she feared for her safety or that her work environment became unbearable, she "willingly chose to continue to work at Sweet Honey Tea for twelve (12) weeks after the last alleged incident of harassment" on October 1, 2022, staying on until December 22, 2022. (Dkt. 25 at 21.) Defendants further argue that Dalton has failed to allege an objectively hostile work environment, because she has only identified a few isolated incidents of alleged harassment, and only one instance where Eric attempted to touch Dalton. Defendants claim that these incidents, even if true, do not rise to the level of "severe or pervasive conduct" necessary to state a claim. (*Id.* at 21–22.)

The Court disagrees and finds that Dalton has adequately pled severe or pervasive harassment altering the conditions of her employment. When presented with a Rule 12(b)(6) motion, the question is simply whether Dalton's allegations establish that her treatment "could plausibly be abusive." *See Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015) ("[I]t is premature at the pleadings stage to conclude just how abusive [plaintiff's] work environment was. . . . It may be that [plaintiff] . . . cannot produce evidence to survive summary judgment. But that question can safely be postponed to another day."). At this stage, Dalton's allegations more than plausibly suggest harassment that is sufficiently severe and pervasive to give rise to a claim for a hostile work environment. Dalton alleges that she was

9

subjected to unwanted sexual advances, including sexually suggestive comments about her body and requests to go out, and that the conduct made her feel unsafe to the point that she was constructively discharged. The Court finds Dalton's allegations plausibly suggest harassment that is objectively and subjectively offensive, and are sufficient to survive dismissal.

With respect to the fourth element—employer liability—Defendants argue that the alleged harasser Eric was "a known drifting homeless man who goes from merchant to merchant" in the mall where Sweet Honey Tea is located, and that at no time was he ever an employee or independent contractor of Sweet Honey Tea. (Dkt. 25 at 23–24) (citing Dkt. 25-1, DeShazer Aff. ¶ 24.) Defendants further claim that Dalton's singular allegation that Eric "help[ed] out in exchange for food" is insufficient to establish that he was an employee of Defendants, and therefore there is no basis to impute liability to Defendants. (Dkt. 25 at 24.)

Defendants' arguments fail for several reasons. First, as discussed above in Section I, Defendants may not rely on facts outside the pleadings contained in the DeShazer affidavit in order to contradict the allegations in the FAC. DeShazer's statements in his affidavit about Eric's status as an employee are therefore improper and cannot support dismissal. Instead, the Court is limited to the allegations in the FAC, in which Dalton claims that Eric was an employee who assisted at the store. Second, even if the allegation that Eric assisted "in exchange for food" is not sufficient to make him an employee of Defendants, that would not protect them from employer liability. Contrary to Defendants' suggestion in their briefing, an employer's liability for harassment is not limited to supervisors and coworkers—employers may also be liable for the discriminatory acts of other individuals such as independent contractors or customers. *See Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 904 (7th Cir. 2018) ("[Employers] are liable for the discriminatory acts of others—coworkers, independent contractors, customers, inmates etc.—only if they are

negligent either in discovering or remedying the harassment."). It is ultimately irrelevant whether the alleged harasser Eric is a formal employee or just an individual who frequents Sweet Honey Tea and helps in exchange for food. Defendants may be liable for Eric's harassment if they were negligent in remedying it, and Dalton's allegations that she informed DeShazer about the harassment, but that he did nothing to address it, more than satisfy that threshold.

In short, Dalton has adequately pled claims for sexual harassment creating a hostile work environment under Title VII and the IHRA.

2. *Sex discrimination—constructive discharge*

Dalton also claims that Defendants are liable for her constructive discharge because their conduct created intolerable conditions of work due to the ongoing sexual harassment, which led Dalton to resign. A plaintiff states a claim for constructive discharge under Title VII when they show that they were forced to resign because working conditions, from the standpoint of a reasonable employee, had become unbearable. *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010); *Chambers v. Am. Trans. Air, Inc.*, 17 F.3d 998, 1005 (7th Cir. 1994) ("[I]n order to state a claim for constructive discharge, a plaintiff needs to show that her working conditions were so intolerable that a reasonable person would have been compelled to resign."). When a plaintiff alleges that they resigned due to discriminatory harassment, the plaintiff must show that the working conditions were "even more egregious than that required for a hostile work environment claim because employees are generally expected to remain employed while seeking redress, thereby allowing an employer to address a situation before it causes the employee to quit." *Chapin,* 621 F.3d at 679.

Defendants' argument with respect to Dalton's constructive discharge claim largely overlaps with their arguments with respect to her sexual harassment claim: they maintain that

11

Dalton has not alleged highly offensive and pervasive conduct giving rise to a hostile work environment, and therefore she cannot meet the requirements to show that her working conditions were unbearable such that a reasonable employee would have resigned rather than wait and seek redress. (Dkt. 25 at 25–26.) The Court rejects this argument: the Court has found above that Dalton has plausibly alleged severe or pervasive harassment creating a hostile work environment. Whether that harassment was sufficiently intolerable such that a reasonable employee in Dalton's position would have resigned is a factual question better suited for summary judgment. *See, e.g.*, *Geist v. Glenkirk*, No. 01 C 0700, 2001 WL 1268574, at *6 (N.D. Ill. Oct. 23, 2001). At this stage, the Court can reasonably infer from Dalton's allegations that the ongoing sexual harassment from Eric, which went unaddressed by Defendants and which made her feel unsafe, was so intolerable as to compel her to resign.

Defendants separately argue that Dalton has not sufficiently pled a *prima facie* case for her sex discrimination claim under the *McDonnell Douglas* framework applicable to Title VII actions, because she has failed to allege that similarly situated individuals at Sweet Honey Tea were treated more favorably. *See generally Barnes v. Bd. of Trustees of Univ. of Illinois*, 946 F.3d 384, 389 (7th Cir. 2020) (describing the *McDonnell Douglas* burden-shifting framework for Title VII claims). But the *McDonnell Douglas* framework is an evidentiary standard, not a pleading standard. *Seet Vega v. Chi. Park Dist.*, 958 F. Supp. 2d 943, 953 (N.D. Ill. 2013) ("The Supreme Court has 'never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that the plaintiffs must satisfy in order to survive a motion to dismiss.'") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). In fact, the Seventh Circuit has described the pleading standard for Title VII claims as "minimal," and in order to survive a motion to dismiss a plaintiff "need only aver that the employer instituted a (specified)

adverse employment action against the plaintiff on the basis of her sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Dalton has alleged that she was subjected to harassment on the basis of her sex creating a hostile work environment, and that her employers' failure to address that harassment led to the adverse employment action of a constructive discharge. This is more than sufficient at the pleading stage.

In sum, Defendants' motion to dismiss Dalton's Title VII and IHRA claims is denied.[5]

**B. Dalton's FLSA claims**

As noted above, Dalton brings FLSA claims against Defendants on behalf of herself and all other similarly situated Sweet Honey Tea employees. *See Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) ("The [FLSA] gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees."). The FLSA requires an employer "engaged in commerce or in the production of goods for commerce" to pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206(a), and overtime in the amount of one and one-half times the employer's regular wage for any hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1); *see also Howard v. City of Springfield*, 274 F.3d 1141, 1148 (7th Cir. 2001) ("[The FLSA] is designed to protect workers from the twin evils of excessive work hours and substandard wages."). An employer who violates these provisions is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). Independent contractors, however, are not subject to the FLSA's

---

[5] To the extent the Court should consider Defendants' 12(b)(1) arguments that they are not covered employers, or that Dalton is not a covered employee because she is an independent contractor, in the context of Rule 12(b)(6), those arguments fail. Dalton alleges that Defendants have more than four employees and that she was a covered employee notwithstanding Defendants' classification of her as an independent contractor. This is sufficient at this stage. *See, e.g.*, *Kendell v. Am. Income Life of Chi.*, No. 04-1140, 2005 WL 8162705, at *2 (C.D. Ill. Jan. 31, 2005) (noting that the question of whether a plaintiff is an employee or independent contractor is a fact-intensive inquiry, and it is enough for a plaintiff to allege they are the former to defeat a motion to dismiss).

protections. *Labriola v. Clinton Ent. Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *2 (N.D. Ill. Mar. 22, 2016) (citations omitted). Dalton asserts two causes of action under the FLSA: in Count V she claims that Defendants misclassified Dalton and other employees as independent contractors, causing employees to suffer damages; and in Count VI she claims that Defendants failed to pay Dalton and similarly situated employees the requisite minimum wage. Defendants argue that Dalton's FAC fails to state a claim for relief in either count.

As a threshold matter, it is not entirely clear that Dalton can maintain her independent cause of action in Count V for misclassification as an independent contractor. While Count VI refers specifically to unpaid minimum wages, Count V simply refers to Dalton and other employees being "entitled to recover damages" as a result of their misclassification. But "employer liability under the [FLSA] is limited to unpaid minimum and overtime compensation." *Labriola*, 2016 WL 1106862, at *4. Dalton is therefore not entitled to damages under the FLSA merely by virtue of any alleged misclassification as an independent contractor, but is only entitled to any unpaid overtime or minimum wages that were allegedly owed and wrongfully withheld *as a result of* the misclassification. Dalton and similarly situated employees will obviously not be permitted to double recovery of unpaid minimum wages under both Counts V as VI, and it is unclear whether the other "damages" Dalton refers to in Count V concern something different than minimum wages, such as unpaid overtime. The Court need not resolve this question now, however. Plaintiffs are not required to plead legal theories in their complaints. *See Shah v. Inter-Cont'l Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). And Defendants do not move to dismiss Count V on the grounds that it is not a separate cause of action. The Court merely observes that, when it comes time for summary judgment, Dalton will need to clarify whether her claim in Count V for misclassification is truly an independent claim seeking unpaid wages that are *different* from

14

the unpaid minimum wages she seeks in Count VI.

For now, the Court turns to Defendants' arguments for dismissal. Defendants argue that Dalton fails to demonstrate that she was not actually an independent contractor, fails to provide sufficient detail describing any allegedly unpaid minimum wages, and regardless, fails to allege she was entitled to minimum wages in the first place. The Court rejects each of Defendants' arguments.

First, Defendants' argument that Dalton was not misclassified, but was indeed an independent contractor, presents a factual dispute that is more properly resolved at summary judgment. Courts look to the "economic realities of the working relationship" to determine whether a plaintiff is an employee covered by FLSA or is an uncovered independent contractor. *See generally Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 665 (7th Cir. 2022). The economic realities test is a fact-intensive inquiry that requires the Court to analyze six separate factors set forth by the Seventh Circuit. *See generally Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *5 (N.D. Ill. Sept. 19, 2013) (describing test as set forth in *Sec'y of Labor v. Laurtizen*, 835 F.2d 1529, 1534 (7th Cir. 1987)). It is premature for the Court to conduct this extensive analysis at the initial pleading stage. Instead, it is sufficient that Dalton has alleged that Defendants exercise sufficient control over her employment and day-to-day job duties to render her a covered employee, as opposed to an independent contractor. *See id.* (allowing plaintiffs to proceed on FLSA claim, noting that the final analysis as to whether plaintiffs should be considered employees under the economic realities test was "a matter more appropriately resolved at summary judgment"); *see also Kendell v. Am. Income Life of Chi.*, No. 04-1140, 2005 WL 8162705, at *2 (C.D. Ill. Jan. 31, 2005) ("Despite [plaintiff's] acknowledgment that she signed an 'independent contractor's contract,' it is clear from her Complaint and Response to the Motion to Dismiss that

15

she is asserting her status was that of employee and not independent contractor. . . . [A]t this stage it is enough to defeat dismissal.").[6]

Second, the Court finds that Dalton has pled sufficient facts to state a claim for failure to pay minimum wages. Defendants contend that Dalton has not pled sufficient details, such as the hours worked, how much she was actually paid, and how much she was owed. But the Court finds that such detail is unnecessary to put Defendants on notice of the claim against them. Dalton alleges that she and similarly situated employees were not paid 100% of the minimum wages that they were owed under the FLSA, and that they were not paid for all hours worked. Notice pleading merely requires the plaintiff to plead facts sufficient to put defendants on notice of the basis of the claims against them. The Court finds this low threshold is met here, and any disputes over what hours Dalton and similarly situated employees worked, what they were actually paid, and what they are allegedly owed, are matters that can be addressed at summary judgment on a fully developed factual record.

Finally, as to Defendants' argument that they were not required to pay a minimum wage at all, this issue once again presents a factual dispute that is more properly resolved at summary judgment. "[The] FLSA has two grounds for coverage: individual and enterprise. If neither is met, FLSA doesn't apply." *Mays v. Rubiano, Inc.*, 560 F. Supp. 3d 1230, 1235 (N.D. Ind. 2021) (citing *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 295 n.8 (1985)). Individual coverage is established when an employee "engage[s] in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 206(a). Enterprise coverage is established when an employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce."

---

[6] Defendants also attempt to rely on facts presented in the DeShazer affidavit to show that the economic reality of Dalton's employment was as an independent contractor. As discussed above, however, the Court will not consider the affidavit, as Defendants' motion to dismiss is only properly brought under Rule 12(b)(6).

29 U.S.C. § 206(a). Enterprise coverage requires that the employer (1) have employees engaged in commerce and (2) have an annual gross volume of sales made or business done of at least $500,000. 29 U.S.C. § 203(s)(1)(A). Defendants argue that neither of these grounds for coverage is met.

Once again, however, Defendants' argument relies heavily on facts contained within the DeShazer affidavit, and which therefore cannot be considered in support of their motion to dismiss. As to the FAC itself, Dalton alleges enterprise coverage is established, because Sweet Honey Tea is engaged in commerce or the production of goods in commerce. (Dkt. 17 ¶¶ 18–19.) In her response brief, Dalton argues that her allegations related to Sweet Honey Tea's business are sufficient to establish enterprise coverage, because they plausibly suggest the business is engaged in interstate commerce, at the very least through regularly engaging in banking and credit card transactions as part of the sale of goods. (Dkt. 29 at 7) (citing *Kim v. Kum Gang, Inc.*, No. 12 CIV. 6344 MHD, 2015 WL 2222438, at *22 (S.D.N.Y. Mar. 19, 2015) (finding evidence that employees regularly processed credit card payments sufficient to satisfy the requirement that employees regularly be engaged in commerce)).

While Dalton's allegations are, admittedly, somewhat abbreviated, the Court nonetheless finds them sufficient to survive a motion to dismiss. Taking the allegations in the FAC as true, the Court can draw the reasonable inference that Dalton is an employee engaged in commerce, or that Sweet Honey Tea is a business engaged in commerce or the production of goods for commerce sufficient to satisfy enterprise coverage. Whether Dalton will ultimately be able to establish these grounds for coverage is a dispute that would benefit from full factual development, and be more proper to resolve at summary judgment. In sum, Dalton has adequately pled her claims for violations of the FLSA.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is denied.

Dated: 11/30/23

_____
Honorable Nancy L. Maldonado
U.S. District Judge